J-A09041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRENCE V. BROWN | : | |
| | : | |
| Appellant | : | No. 1002 EDA 2021 |

Appeal from the PCRA Order Entered April 7, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001238-2011

BEFORE:  NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED APRIL 21, 2022**

Terrence V. Brown (Brown) appeals from the order entered in the Court of Common Pleas of Delaware County (PCRA court) dismissing his third petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546 as untimely.  Brown contends that he met the newly-discovered facts exception to the PCRA's time bar based on a sentencing document he received from the Department of Corrections (DOC) in January 2021.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

**A.**

This case arises from a January 2, 2011 incident where police responded to a report of a burglary at 9:00 p.m. at the residence of Mr. Lowrey[1] by three men dressed in black and wearing ski masks. The men approached Lowrey from behind while carrying handguns when Lowrey arrived at his home. They forced Lowrey into the residence and demanded that he give them money and guns. The men assaulted him with their fists and feet and tied him up with wire ties while threatening to kill him for non-compliance with their demands. Lowrey told them that he had money but no guns and one of the assailants took $500 in cash from his pocket.

When Police Officer Joshua Dewees of the City of Chester Police Department entered the Lowrey home, he encountered Brown in the master bedroom. Brown was wearing a ski mask and a dark gray sweat suit. After Brown and his co-defendant were apprehended, police recovered from the home two handguns with the serial numbers filed off, rubber gloves and restraints made of wire ties.

**B.**

On January 24, 2012, Brown entered a negotiated guilty plea to robbery, criminal conspiracy to commit robbery and possession of an instrument of a

---

[1] Lowrey's first name is not apparent from the record.

crime.[2] The trial court conducted a thorough colloquy on the record during which Brown indicated that he understood the statutory maximum sentences for the crimes and the mandatory minimum term of incarceration involved due to his prior conviction for robbery. (**See** N.T. Plea Hearing, 1/24/12, at 18-19). Brown averred that he fully understood the terms of the plea agreement; that he was entering his plea knowingly, voluntarily and intelligently; that he had reviewed the written Guilty Plea Statement that he had signed with his attorney; and that he was satisfied with counsel's representation. (**See id.** at 21, 23). The written Guilty Plea Statement executed by Brown reflects his agreement that: "If I was on probation or parole at the time the crimes to which I am pleading guilty [] were committed, my pleas in this case mean that I have violated my probation or parole and I can be sentenced to jail for that violation in addition to any sentences which I may receive as a result of these pleas." (Guilty Plea Statement, 1/24/12, at 2).[3] Brown also averred:

---

[2] 18 Pa.C.S. §§ 3701(a)(ii), 903(a)(1) and 907(b).

[3] The robbery offense constituted a parole violation for Brown in a separate, previous matter. The back time confinement in that earlier case and the new sentence in this case were run consecutively to one another. This is consistent with Section 6138 of the Prisons and Parole Code, which mandates that a parole violator first serve the balance of any term imposed for a violation before a new term of incarceration commences. **See** 61 Pa.C.S. § 6138(a)(5)(i). In his direct appeal, we rejected his claim that he could not have knowingly and voluntarily entered his plea because he did not have information regarding the back sentence that he faced on his preexisting cases as a result of pleading guilty to the charges at issue. (**See Commonwealth v. Brown**, 1564 EDA 2012, at *2 (Pa. Super. Ct. Dec. 4, 2013)).

"I have not been promised anything by anyone in return for pleading guilty []
other than the plea agreement, if any, which has been presented to the
judge." (**Id.** at 3). The trial court accepted Brown's plea as knowing,
voluntary and intelligent and proceeded to sentencing after Brown waived his
right to preparation of a pre-sentence investigation report. The trial court
imposed an aggregate sentence of 10 to 20 years' incarceration followed by 5
years of probation.

On direct appeal, we affirmed Brown's judgment of sentence and his
petition for allowance of appeal to our Supreme Court was denied on May 22,
2014. Brown did not file a writ of *certiorari* with the Supreme Court of the
United States. He then filed a timely PCRA petition which was unsuccessful in
the PCRA court and on appeal, followed by an untimely second PCRA petition,
which was also unsuccessful.

On March 11, 2021, Brown filed the instant *pro se* third PCRA petition in
which he raises claims challenging the validity of his guilty plea, the legality
of his sentence and the effectiveness of plea counsel. Brown acknowledges
the untimeliness of his petition and contends he meets the newly-discovered
facts exception as a basis for jurisdiction to overcome the PCRA time-bar.
According to Brown, the Sentence Status Summary that he received on
January 26, 2021, from the DOC, which lists the controlling minimum and
maximum dates of his sentence as 11/25/29 and 11/25/39, respectively, is
the newly-discovered fact. (**See** DOC Status Summary, 1/26/21). Brown

asserts that these dates are contrary to the "effective start date of January 3, 2011 [of his sentence] as negotiated and ordered by the court" as a term of his plea. (*See* PCRA petition, 3/11/21, at 4).

The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907(1) as untimely, and it formally dismissed the petition on April 7, 2021. Brown filed a motion to rescind the PCRA court's dismissal order on April 29, 2021. Before the court ruled on that motion, Brown filed a *pro se* notice of appeal, which was docketed on May 14, 2021, and is dated May 6, 2021.[4] The trial court appointed current counsel to represent Brown in July 2021 and Brown and the PCRA court complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b).[5]

_____

[4] Because the record indicates that Brown signed his notice of appeal on May 6, 2021, that is the earliest date on which he could have delivered it to prison authorities for mailing. Giving Brown the benefit of the doubt and in light of the fact that he clearly timely attempted to challenge the PCRA's order albeit by incorrectly filing a motion to rescind it, we deem the notice of appeal timely pursuant to the prisoner mailbox rule. *See Commonwealth v. Kennedy*, 266 A.3d 1128, 1132 n.8 (Pa. Super. 2021) ("a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing") (citation omitted).

[5] Although the cover page of Brown's counseled appellate brief reads that it was filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), it presents as an advocate's brief and counsel has not filed a petition to withdraw from representation or a *Turner*/*Finley* no-merit letter, which is the appropriate vehicle for withdrawing from representation in a PCRA proceeding. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 479 A.2d 568 (Pa. Super. 1984), *rev'd sub nom. Pennsylvania v. Finley*, 481 U.S. 551 (1987). We, therefore, accept it as an advocate's brief.

## II.

## A.

Before considering the merits of Brown's PCRA petition, we must first determine whether it is timely under the PCRA's jurisdictional time-bar.[6] A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional in nature, courts cannot address the merits of an untimely petition. **See Commonwealth v. Moore**, 247 A.3d 990, 998 (Pa. 2021).

In this case, Brown's judgment of sentence became final on August 20, 2014, when his time to file a petition for *writ of certiorari* with the Supreme Court of the United States expired. **See** U.S.S.Ct.R. 13(1). Ignoring that he has filed two other PCRA petitions, this PCRA petition was not filed until March 2021, making it facially untimely. To overcome the one-year time bar, he must plead and prove one of the three limited exceptions:

---

[6] Because the issue of whether a PCRA petition is timely raises a question of law, our standard of review is *de novo*. **See Commonwealth v. Reid**, 235 A.3d 1124, 1166 (Pa. 2020).

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition invoking an exception must be filed within one year of the date the claim could have been presented. *See id.* at subsection (b)(2).

Brown invokes the newly-discovered facts exception at Section 9545(b)(1)(ii) based on the DOC Statement, pursuant to which he must establish: "1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (citation omitted). "If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." *Id.* (citation omitted). Additionally, "this Court has held that the focus of this exception is on the newly discovered facts, **not on a newly discovered** or new **source for previously known facts**." *Commonwealth v. Lopez*, 249 A.3d 993, 999 (Pa. 2021) (citation omitted; emphasis original).

Brown maintains that the sentence effective dates included in the DOC Statement he received in 2021 run directly counter to the terms of the plea agreement he entered in January 2012. Brown contends that the negotiated term of incarceration of 10 to 20 years had "a specific start date [of January 3, 2011] after which Petitioner received a new controlling sentence and start date, thus violating the plea agreement." (Brown's Brief, at 4). He argues he was deprived of the benefit of his plea because he was informed through the DOC Statement "that the effective date of his new sentence was something totally different than what he agreed to in his plea bargain." (*Id.* at 17).

The record, however, reflects that Brown was fully aware when he entered his guilty plea that he was also in violation of his parole in his earlier case, and that he could receive periods of incarceration for both the current offense and his previous unrelated conviction; this language was specifically made a part of his Guilty Plea Statement. In addition, he averred in the Statement that he was promised **nothing** outside of the express terms of the agreement in exchange for his plea. As to his claim of an agreed-upon start date of January 3, 2011, for his sentence, this language is notably absent from the Guilty Plea Statement and was not discussed during the guilty plea/sentencing hearing.[7] Because the core sentencing information contained

_____

[7] As noted by the Commonwealth, the January 3, 2011 date was referenced at the hearing as it related to credit for time served only. Moreover, it was the date relevant for Brown's co-defendant, Fareed Nelson. (*See* N.T. Plea Hearing, 1/24/12, at 27; Commonwealth's Brief, at 12 n.6).

in the DOC Statement was known to him at the time of the guilty plea, he has failed to demonstrate that the Statement is a newly discovered fact.

**B.**

Finally, we note that Brown's remaining claims are likewise insufficient to overcome the PCRA time-bar. To the extent that Brown maintains he is entitled to relief based on his claim of ineffective assistance of plea counsel, it is well-settled that framing a petitioner's claim in terms of ineffectiveness will not save an otherwise untimely filed petition from the application of the time restrictions of the PCRA. ***See Commonwealth v. Robinson***, 139 A.3d 178, 186 (Pa. 2016). Thus, Brown's ineffective assistance of counsel claim cannot serve as a basis for circumventing the PCRA's timeliness requirements.

Likewise, regarding Brown's couching of the issue as an illegal sentencing claim, it is well-settled that, "in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review . . . Though not technically waivable, a legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) (citations omitted) (concluding PCRA court correctly dismissed PCRA petition raising illegal sentence claim as untimely).

In sum, because Brown's PCRA petition is untimely and he has failed to establish an exception to the PCRA's timeliness requirements, we lack

jurisdiction to consider the merits of his claims. Accordingly, we affirm the order of the PCRA court.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 4/21/2022*