2021 PA Super 249

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAMON KENNEDY | : | |
| | : | |
| Appellant | : | No. 441 EDA 2021 |

Appeal from the PCRA Order Entered January 6, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0001545-2008

BEFORE:   LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

OPINION BY LAZARUS, J.:                    **FILED DECEMBER 16, 2021**

Shamon Kennedy appeals *pro se* from the order, entered in the Court of Common Pleas of Chester County, denying as untimely his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon careful review, we affirm.

On April 1, 2009, Kennedy was sentenced to 25 years' imprisonment in federal court on unrelated charges.  In July 2009, Kennedy was convicted, in the instant case, of numerous charges, including aggravated assault, recklessly endangering another person, conspiracy, and firearms offenses.[1]  On December 11, 2009, the trial court sentenced Kennedy to a term of 12 to 24 years' imprisonment; his sentence was ordered to be served consecutively to the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The jury found Kennedy not guilty of criminal attempt to commit homicide and criminal conspiracy.

federal sentence that he was then-currently serving. Kennedy filed a motion to modify sentence, which was denied by the trial court on April 15, 2010. On May 17, 2010, Kennedy filed a direct appeal; counsel sought to withdraw on appeal under **Anders**.[2] This Court affirmed Kennedy's judgment of sentence and granted counsel's petition to withdraw. **See Commonwealth v. Kennedy**, 1338 EDA 2010 (Pa. Super. filed Nov. 24, 2010) (unpublished memorandum decision). Kennedy did not seek allowance of appeal with the Pennsylvania Supreme Court.

Kennedy filed four PCRA petitions. His first petition, which was timely filed on November 22, 2011, raised claims of ineffective assistance of counsel and a claim that the court improperly permitted the Commonwealth to cross-examine Kennedy about his prior federal drug conviction and related drug case. Appointed PCRA counsel[3] filed an amended petition raising claims of ineffective

_____

[2] **Anders v. California**, 386 U.S. 738 (1967).

[3] Originally, the court appointed Robert P. Brendza, Esquire, to represent Kennedy in his first PCRA petition. Counsel petitioned for leave to withdraw as counsel pursuant to **Turner**/**Finley**. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc). In his no-merit letter to Kennedy, counsel stated that because our Court on direct appeal had found no legal merit to Kennedy's claim that the trial court erred by permitting the jury to hear testimony about Kennedy's prior federal drug conviction, the claim had been previously litigated under the PCRA. **See Turner**/**Finley** No-Merit Letter, 1/24/12, at 1; **see also** 42 Pa.C.S.A. § 9544(a)(2). With regard to Kennedy's remaining issue that trial counsel was ineffective for failing to question a defense witness about Kennedy's relationship with a third party, counsel stated that the examination of witnesses "is largely a matter of trial strategy to be determined by counsel and a defendant is not entitled to relief simply because the strategy may have been unsuccessful." **See Turner**/**Finley** No-Merit Letter, 1/24/12, at 2. However, counsel subsequently was granted leave to withdraw due to a potential conflict of interest and new PCRA counsel was appointed.

assistance of counsel (failure to present defense witness; failure to file motion *in limine* to exclude mention of federal conviction). After the court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Kennedy's first petition without a hearing, Kennedy filed a *pro se* response and supplemental *pro se* response to the PCRA court stating that appointed counsel did not amend his *pro se* petition as he had requested. On October 15, 2012, the PCRA court dismissed Kennedy's petition.

Kennedy filed a timely *pro se* notice of appeal; our Court ordered PCRA counsel to file either a Rule 1925(b) concise statement of errors complained of on appeal or a proper **Anders**[4] brief. Counsel filed a "statement of intent to file an **Anders**/**McClendon** brief in lieu of filing a Rule 1925(b) statement." Despite being advised that the court could not accept Kennedy's *pro se* filings and would forward any such filings to counsel of record, Kennedy filed his *pro se* Rule 1925(b) statement. In response, counsel filed a statement of her intent to file an **Anders** brief, concluding that after "review[ing] the record . . . [she] has concluded that there are no meritorious issues for review" and that the notice was "filed in lieu of a [c]oncise [s]tatement of [e]rrors [c]omplained of on [a]ppeal." Statement of Intent, 12/28/12, at 2.

---

[4] Technically, counsel was required to file a **Turner**/**Finley** letter and accompanying petition to withdraw—not an **Anders** brief and accompanying petition—in order to seek withdrawal from a collateral appeal. However, because the bar to withdraw under **Anders** is higher than that under **Turner**/**Finley**, we have permitted such briefs to be filed in collateral appeals. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) ("Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter.").

Subsequently, counsel filed an improper *Anders* brief, and our Court remanded the case and denied counsel's request to withdraw for failure to comply with the withdrawal requirements. Although counsel ultimately filed an advocate's brief on Kennedy's behalf, our Court found all of Kennedy's issues waived due to counsel's failure to file a Rule 1925(b) statement. *Commonwealth v. Kennedy*, 3166 EDA 2012 (Pa. Super. filed Sept. 18, 2013) (unpublished memorandum decision). PCRA counsel filed an unsuccessful motion for reconsideration that our Court denied on October 1, 2013. On April 16, 2014, the Pennsylvania Supreme Court denied Kennedy's petition for allowance of appeal.

On April 9, 2015, Kennedy filed a second PCRA petition alleging that PCRA counsel: was ineffective for failing to re-plead all of the claims he presented in his original, *pro se* petition; failed to file a Rule 1925(b) statement on collateral appeal; and filed an improper *Anders* brief, even after being instructed by our Court on remand how to properly proceed. The second petition was denied as untimely on May 7, 2015, after the PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing and Kennedy filed a *pro se* response thereto.[5] Kennedy filed a *pro se* appeal and Rule 1925(b) statement from the denial of that second petition.

_____

[5] In his Rule 907 response, Kennedy was clearly mistaken in his belief that he had until one year from the date the Pennsylvania Supreme Court denied review of his petition for allowance of appeal from his *collateral* appeal, on April 16, 2014, to file a timely second PCRA petition.

While his collateral appeal was pending, Kennedy filed a third *pro se* PCRA petition on July 5, 2015,[6] raising the newly-discovered facts and governmental interference exceptions under the PCRA. Kennedy asserted the PCRA court, the District Attorney, and "federal incarceration" were the entities that created governmental interference. *See Pro Se* 3rd PCRA Petition, 7/5/15, at 1-3. However, on July 28, 2015, the court quashed Kennedy's third petition, without prejudice, "as premature because [his] appeal from the denial of his second PCRA petition [was] still pending in the Superior Court of Pennsylvania." Order, 7/28/15. On October 15, 2015, at Kennedy's request, our Court withdrew Kennedy's appeal, with prejudice. *See* Order, 10/15/15.

On January 29, 2016,[7] Kennedy filed, *pro se*, an "Amended 3rd PCRA Petition," seeking to resurrect the claims advanced in his prior, quashed petition. This amended third petition was also dismissed as untimely. Kennedy filed a *pro se* collateral appeal from that decision; the appeal was dismissed due to his failure to file an appellate brief. *See* Order, No. 1183 EDA 2016, 10/13/16.

Kennedy filed the instant petition, his fourth, on August 20, 2020. The PCRA court issued its Pa.R.Crim.P. 907 notice of intent to dismiss Kennedy's petition on September 10, 2020. After receiving multiple extensions, Kennedy filed a response to the court's Rule 907 notice on December 14, 2020. On January 6, 2021, the court formally dismissed the petition. Kennedy timely filed

---

[6] The court received Kennedy's third PCRA petition on July 13, 2015.

[7] The court received Kennedy's "Amended 3rd Petition" on February 5, 2016.

a notice of appeal,[8] followed by a court-ordered Rule 1925(b) statement.

Kennedy raises the following issues for our review:

> 1. The PCRA court erred by holding Kennedy to an erroneous heightened standard of "diligence" in discovering unavailable evidence and law in aid[] to file a timely [and] proper appeal in state court in violation of **Commonwealth v. Burton**[, 121 A.3d 1063 (Pa. Super. 2015),] as it applies to prisoner[s] lacking access to public information[, thus] depriving him of due process.
>
> 2. The PCRA court's err[or] of misapprehending Kennedy's governmental interference claim that is brought against the PCRA court and the Superior Court—not against the federal prison[—] caused an erroneous analysis under [section] 9545(b)(1)(i) [of the PCRA,] resulting in a due process violation.
>
> 3. The PCRA court's failure to order an evidentiary hearing for a full and fair opportunity to be heard will cause[] a fundamental

---

[8] Kennedy's *pro se* notice of appeal of the court's January 6, 2021 order was not docketed by the clerk of courts until February 22, 2021, more than thirty days after the entry of the order. Accordingly, the notice of appeal is presumptively untimely. **See** Pa.R.A.P. 903 (notice of appeal shall be filed within thirty days of entry of order from which appeal is taken). On July 14, 2021, this Court entered a rule to show cause why the appeal should not be quashed as untimely filed. Kennedy filed a *pro se* response on July 21, 2021, followed by an amended response on August 2, 2021. In his amended response, Kennedy attached a copy of a postage order and receipt from the Department of Corrections indicating that he paid for a certified mailing to the Chester County Clerk of Courts on February 2, 2021. Kennedy also attached a copy of a certified mail receipt bearing a postmark dated February 5, 2021. On August 16, 2021, this Court entered an order informing the parties that the issue raised in the rule to show cause would be referred to the panel assigned to decide the merits of this appeal.

"[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa. Super. 2019). Here, the documentation Kennedy submitted demonstrates that he delivered his notice of appeal to prison authorities on February 2, 2021, and it was postmarked on February 5, 2021. Accordingly, pursuant to the prisoner mailbox rule, we conclude that Kennedy's notice of appeal was timely filed.

miscarriage of justice in violation of the state and federal constitution[s] under procedural and substantive due process.

Brief of Appellant, at 9.

In reviewing the denial of PCRA relief, "we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted).

Pursuant to the PCRA, any petition—including a second or subsequent one—must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Burton*, 158 A.3d 618, 623 n.7 (Pa. 2017). Section 9545(b)(3) provides a judgment of sentence becomes final at the conclusion of direct review or at the expiration of the time period for seeking the review. *Id.*

Instantly, Kennedy's judgment of sentence became final on December 24, 2010, thirty days after our Court affirmed his judgment of sentence, when Kennedy's time expired to seek discretionary appellate review in the Supreme Court of Pennsylvania. *See id.*; *see also Commonwealth v. Kennedy*, 1338 EDA 2010 (Pa. Super. filed Nov. 24, 2010) (unpublished memorandum decision); Pa.R.A.P. 1113. Thus, Kennedy had until December 24, 2011, to file a timely PCRA petition. Kennedy's instant petition, however, was not filed until August 28, 2020; thus, it is facially untimely. In order to overcome the timeliness requirements of the PCRA, Kennedy was required to plead and prove a section 9545(b)(1) exception under the PCRA. *See* 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Moreover, Kennedy's petition had to have been "filed within one year of the date

the claim could have been presented." *Id.* at § 9545(b)(2).[9]  Because Kennedy has failed to prove a timeliness exception, we conclude that the PCRA court properly dismissed his petition.

Kennedy asserts that he lacked access to public information that he was only able to procure—after he finished serving a federal sentence—when he was remanded to SCI Rockview in 2019.  In state confinement, Kennedy claims he had "access to state law [materials] and procedures" and that is where he "signed up for sessions in the Law Library where [he] gained access to the Rules of Criminal Procedure under the PCRA."  Appellant's *Pro Se* Brief, at 14-17; Appellant's *Pro Se* Reply Brief, at 2-3.  Additionally, Kennedy asserts that because federal correctional institutions do not provide access to such state law cases or rules of procedure, "all state appellate recourse w[as] unknown to [him] from the time he was in federal custody from his start date of January 18, 2006[, until he was transferred to Chester County Prison on August 27, 2019]."  Appellant's *Pro Se* Brief, at 17.[10]

---

[9] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (Dec. 24, 2018), extending the time for filing from sixty days of the date the claim could have been presented, to one year.  The amendment applies to claims arising on December 24, 2017, or thereafter.  *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3.  Here, Kennedy's claims arose after December 24, 2017, thus, the one-year time limit applies to his case.

[10] Kennedy cites to **Commonwealth v. Burton**, 121 A.3d 1063 (Pa. Super. 2015), claiming that as a *pro se* incarcerated petitioner, he is not subject to the strictures of the public record presumption.  **See id.** at 1073 ("the presumption of access to information available in the public domain does not apply where the untimely PCRA petitioner is *pro se*.").  Notably, in **Commonwealth v. Small**, 238 A.3d 1267, 1268 (Pa. 2020), our Supreme Court recently "disavow[ed] the
*(Footnote Continued Next Page)*

The specific issue Kennedy asserts in his petition is that "[o]n his 1st PCRA [petition], Kennedy's attorney caused **his appellate rights to be waived** by failing to file a 1925(b) statement [] while he was in federal custody without access to state law and procedures[.]" Appellant's Brief, at 16 (emphasis added). Kennedy claims he was unaware that he could have filed a serial PCRA petition seeking reinstatement of his rights, still within the one-year time strictures of the PCRA, until he was able to research Pennsylvania procedure and case law in 2019.

The Pennsylvania Supreme Court has unanimously held that the PCRA "provides the exclusive remedy for post-conviction claims seeking restoration of an appellant's rights due to counsel's **failure to perfect a direct appeal**." ***Commonwealth v. Eller***, 807 A.2d 838 (Pa. 2002) (emphasis added). Here, Kennedy did perfect a direct appeal. On appeal, our Court reviewed counsel's ***Anders*** petition and brief and conducted its own independent review of the case, which included analyzing claims regarding the admission of expert testimony, the overruling of a defense objection, and the propriety of the Commonwealth's cross-examination of Kennedy. ***See Commonwealth v. Kennedy***, 1338 EDA 2010 (Pa. Super. filed Nov. 24, 2010) (concluding appeal frivolous, permitting counsel to withdraw, and affirming judgment of sentence). On direct appeal, our Court also deferred Kennedy's claims of trial counsel's ineffectiveness for

_____

public record presumption [and overruled any] earlier decisions, including [its] own, [that] relied upon and applied that presumption to reject a petitioner's claim." Thus, the presumption no longer exists for any PCRA petitioner, whether incarcerated or not. However, as discussed ***infra***, the holdings of ***Burton*** and ***Small*** provide Kennedy no relief.

- 9 -

failing to raise certain objections to the Commonwealth's cross-examination regarding one or more federal cases in which Kennedy was the defendant and for not objecting to the court's cautionary instruction and/or not requesting a mistrial. *See id.* at *9; *see also Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002) (holding ineffectiveness claims must be raised in collateral proceedings under PCRA, not on direct appeal).

Instantly, PCRA counsel's failure to file a Rule 1925(b) statement caused Kennedy's **collateral appeal rights** to be foreclosed. *Id.*, 3166 EDA 2012 (Pa. Super. filed Sept. 18, 2013). In *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), our Supreme Court held that while "PCRA counsel's ineffectiveness cannot be advanced as a newly-discovered 'fact' for purposes of application of the subsection 9545(b)(1)(ii) exception to the PCRA's one-year time bar, [it] has no application in cases where PCRA counsel's ineffectiveness *per se* completely forecloses review of collateral claims." *Id.* at 1130. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). In *Bennett*, the Court concluded that the petitioner was entitled to an extension to file a collateral appeal since he established that counsel had abandoned him by failing to file an appellate brief, granting the petitioner reinstatement of his PCRA appeal rights *nunc pro tunc* in an untimely second PCRA petition. *Id.* at 1266. Later, in *Commonwealth v. Peterson*, 192 A.3d 1123 (Pa. 2018), our Supreme Court similarly held that the section 9545(b)(1)(ii) exception applied where PCRA counsel filed an untimely PCRA petition. Under such facts, the Court found that counsel's actions amounted to ineffectiveness *per se* as it "completely foreclosed [defendant] from obtaining

- 10 -

review of the collateral claims set forth in his first PCRA petition[,]" likening it to cases where counsel has failed "to file a notice of appeal, **Rule 1925(b) statement**, brief, or petition for allowance of appeal." ***Id.*** at 1131-32 (emphasis added).

Here, counsel failed to file a Rule 1925(b) statement on appeal from the denial of Kennedy's first PCRA petition, after he unsuccessfully petitioned to withdraw on appeal. In that petition, Kennedy reiterated several claims of trial counsel's ineffectiveness that were raised on direct appeal, but where review of those claims was deferred to collateral proceedings pursuant to ***Grant***, ***supra***. When Kennedy filed his second PCRA petition, *pro se*, the PCRA's one-year filing time limit had expired. Thus, his petition was dismissed as untimely. Kennedy filed a *pro se* appeal from that dismissal, which he later withdrew. Kennedy filed a third PCRA petition that was also dismissed as untimely. Kennedy filed a collateral appeal from that decision; the appeal was dismissed for failure to file an appellate brief. Now, in his fourth petition, he alleges the newly-discovered facts exception under section 9545(b)(1)(ii), claiming that until 2019 he was unaware that he was entitled to have his collateral appeal rights reinstated *nunc pro tunc* after his claims were found waived by our Court.

Based on the case law cited herein, particularly ***Bennett***, Kennedy was presumably entitled to have his collateral appeal rights reinstated *nunc pro tunc* when his first collateral appeal was dismissed in September of 2013. However, because Kennedy's current petition is untimely, in order to establish jurisdiction under the PCRA, he must now plead and prove a PCRA timeliness exception.

Kennedy has chosen to proceed under subsection 9545(b)(1)(ii), which requires a petitioner to prove that the facts were "unknown" to him and that he could not uncover them with the exercise of "due diligence."

Kennedy alleges that he "discovered [u]nknown [f]acts once a state impediment was removed which denied him adequate access to the court[.]" Appellant's Brief, at 14. Those "unknown facts" amounted to "legal materials, computer software or books pertaining to state law and procedure[,]" which he did not have access to when he was incarcerated in a federal penitentiary. Our Supreme Court has consistently held that judicial opinions do not amount to new "facts" under section 9545(b)(1)(ii) of the PCRA. *See Commonwealth v. Reid*, 235 A.3d 1124, 1148 (Pa. 2020); *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011) (subsequent decisional law does not amount to new fact under section 9454(b)(1)(ii)). Similarly, we find rules of state procedure are not "facts" for purposes of pleading the newly-discovered facts exception under the PCRA. As the Court noted in *Watts*, a "fact" is distinguishable from the "law," the latter of which is "the embodiment of abstract principles applied to actual events." *Id.* at 987. *See also Commonwealth v. Baroni*, 795 A.2d 1007 (Pa. Super. 2002) (defendant's actual knowledge of obscure rule of law involving proper charge under *corpus delicti* not considered "facts" as contemplated by section 9454(b)(ii)).

Kennedy also raises the governmental interference exception, found in section 9545(b)(1)(i), which provides that "the failure to raise the claim previously was the result of interference by government officials with the

presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i). Specifically, Kennedy claims that the PCRA court and Superior Court committed a due process violation where the courts "did not ascertain [his] lack of access to Pennsylvania law" all the while knowing that PCRA counsel "was ineffective for failing to preserve [Kennedy's] appellate rights by failing to file a 1925(b) statement." Appellant's Brief, at 30-31. Such actions, he asserts, amounted to "a constructive interference with [Kennedy's] right to file an appeal." *Id.* at 31.

In order to establish the governmental interference exception, a petitioner must plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

In essence, Kennedy complains that because our Court did not remand his collateral appeal for the appointment of new counsel or for the filing of a *nunc pro tunc* 1925(b) statement, he was effectively prevented from having his claims addressed on their merits. Kennedy's argument merely attempts to challenge our Court's October 1, 2013 decision to deny his motion to reconsider. We find no merit to this claim where Kennedy fails to offer a reasonable explanation why, with the exercise of due diligence, he did not ascertain this alleged interference of governmental official earlier and seek redress in his prior PCRA petitions or collateral appeals, especially where he was presumptively aware that this Court

had affirmed the order dismissing his first PCRA petition in 2013. *Commonwealth v. Rizvi*, 166 A.3d 344 (Pa. Super. 2017).[11]

Accordingly, because Kennedy has failed to plead and prove a PCRA timeliness exception, we affirm the PCRA court's dismissal of his petition as untimely.

Order affirmed.

Judge Dubow joins this Opinion.

Judge Pellegrini concurs in the result.


*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


*Date: 12/16/2021*

_____

[11] While we affirm the order dismissing Kennedy's fourth, untimely PCRA petition based upon a strict interpretation of the PCRA time bar provisions, we observe that he has, by reasons of procedural defaults, lost his rule-based right to a meaningful appeal from the dismissal of his first, timely PCRA petition. In short, we have not yet had an opportunity to review the merits of Kennedy's collateral challenges to his convictions. "Nevertheless, the PCRA time requirements must be strictly construed and do not permit equitable exceptions." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003).