J-S14042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAVON CECIL SMITH | : | |
| | : | |
| Appellant | : | No. 1138 WDA 2021 |

Appeal from the PCRA Order Entered August 10, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014857-2000,
CP-02-CR-0015047-2000

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:　　　　　　　　**FILED: MAY 23, 2022**

Lavon Cecil Smith (Smith) appeals *pro se* from the order entered in the Court of Common Pleas of Allegheny County (PCRA court) dismissing as untimely his fifth petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.　We affirm.

## I.

On February 14, 2002, Smith was convicted of first-degree murder, attempted murder and aggravated assault[1] for the stabbing death of his wife and his infliction of serious stabbing injuries to his daughter in her right eye,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(a), 901(a) and 2702(a)(1).

neck and arms when she was in the eleventh grade of high school. The trial court sentenced Smith on May 14, 2002, to life in prison without the possibility of parole and a consecutive term of 20 to 40 years' incarceration.

On direct appeal, we affirmed Smith's judgment of sentence and his petition for allowance of appeal to our Supreme Court was denied on June 23, 2004. Smith did not file a petition for a writ of *certiorari* with the Supreme Court of the United States. He then filed a timely PCRA petition which was unsuccessful both in the PCRA court as well as on appeal. Smith then filed serial untimely PCRA petitions which were similarly unsuccessful.

On August 5, 2020, Smith filed the instant *pro se* fifth PCRA petition in which he references the governmental interference exception to the one year PCRA time-bar and alleges confrontation clause violations concerning witnesses at trial. Pursuant to Pa.R.Crim.P. 907(1), the PCRA court issued notice of its intent to dismiss the petition without a hearing and it formally dismissed the petition on August 10, 2021. Smith filed a *pro se* notice of appeal in September 2021, which the PCRA court accepted as timely.[2] The

---

[2] Smith filed his notice of appeal dated September 16, 2021, on September 20, 2021, more than 30 days after entry of the order dismissing his petition in violation of Pennsylvania Rule of Appellate Procedure 903. **See** Pa.R.A.P. 903(a). However, the record reflects that on September 2, 2021, within the 30-day appeal period, the PCRA court entered an order granting Smith an additional 30 days to file an appeal. Accordingly, because the court expressly advised Smith that he had additional time in which to properly file an appeal and then treated the appeal as timely, we find there was a breakdown in the processes of the court and decline to quash this appeal. **See Commonwealth**
*(Footnote Continued Next Page)*

PCRA court filed an opinion on November 17, 2021, explaining that it dismissed Smith's petition as time-barred because he "failed to provide even a scintilla of proof that any of the statutory exceptions to the time-bar were met." (PCRA Ct. Op., at 3).

## II.

Before considering the merits of Smith's PCRA petition, we must first determine whether it is timely under the PCRA's jurisdictional time-bar.[3] A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional in nature, courts cannot address the merits of an untimely petition. **See Commonwealth v. Moore**, 247 A.3d 990, 998 (Pa. 2021).

---

**v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007), *appeal denied*, 960 A.2d 838 (Pa. 2008) (holding that although the time for filing a notice of appeal cannot generally be extended, we may grant such relief where there is a breakdown in the processes of the trial court); (**see also** PCRA Court Opinion, 11/17/21, at 2) (stating Smith's notice of appeal is "timely").

[3] Because the issue of whether a PCRA petition is timely raises a question of law, our standard of review is *de novo*. **See Commonwealth v. Reid**, 235 A.3d 1124, 1166 (Pa. 2020).

- 3 -

In this case, Smith's judgment of sentence became final on September 21, 2004, when his time to file a petition for writ of *certiorari* with the Supreme Court of the United States expired. *See* U.S.S.Ct.R. 13(1). Notwithstanding that he has filed four other PCRA petitions, this PCRA petition was not filed until August 2020, making it facially untimely. To overcome the one-year time-bar, he must plead and prove one of the three limited exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition invoking an exception must be filed within one year of the date the claim could have been presented. *See id.* at subsection (b)(2).

Smith references the governmental interference exception at Section 9545(b)(1)(i) in his PCRA petition and in his appellate brief. In order to establish the governmental interference exception, a petitioner must plead and prove: "(1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence."

***Commonwealth v. Kennedy***, 266 A.3d 1128, 1135 (Pa. Super. 2021)

(citation omitted).

However, Smith's claim is woefully undeveloped and lacks meaningful

discussion of either the facts of this case or relevant legal authority. Instead,

the argument section of his brief reads in its entirety:

> To the honorable panel of jurists in the criminal matter which spans (22 years) and the petitioner has not been provided constitutional safeguards and protections the citizens of the United States must enjoy according to the written law and the "rule of law."

> One of the most important points the petitioner wants to make is "the rule of law" fights for each citizen that finds themselves in any of the courtrooms throughout our county.

> In one of the longest running legal precedent law in the country is "the Confrontation Clause of the United States of America's Constitution."

> Whether deficient counsel, government interference, withholding material evidence or presenting false, etc[.], the "safeguards of the written rule of law" should have protected the petitioner rights to a fair trial.

> Without ever, haven't never had a PCRA hearing, which everybody [sic] petitioner has met, has had one.

> These years of presenting material evidence of the government presenting false evidence, claims, witnesses, etc[.], should have it's [sic] day according to "the rule of law."

(Smith's Brief, at 4-6) (some capitalization omitted).

As the Commonwealth points out, Smith's statements are difficult to

discern and do not meet the minimum standards set forth in the Rules of

Appellate Procedure, which require an appellant to discuss his argument with

reference to the record in the context of pertinent legal authority. **See** Pa.R.A.P. 2119(a)-(c), 2101; (**see also** Commonwealth's Brief, at 12). More importantly, Smith's references to the governmental interference exception to the PCRA time-bar are vague and do not come close to meeting his burden of pleading and proving the applicability of a timeliness exception to this case.

Because Smith's PCRA petition is untimely and he has failed to establish an exception to the PCRA's timeliness requirements, we lack jurisdiction to consider the merits of his claims. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judge McCaffery joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2022