J-A25022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: VITO A. PELINO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: VITO A. PELINO | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 330 WDA 2022 |

Appeal from the Order Entered March 3, 2022
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-MD-0000017-2020

BEFORE:  KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED:  January 5, 2023**

Appellant Vito A. Pelino appeals *pro se* from the order affirming the Greene County District Attorney's disapproval of Appellant's private criminal complaint.  After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> In the instant case, [Appellant] submitted a private criminal complaint to the Greene County District Attorney's Office, containing allegations that Mr. [Robert] Gilmore [(Superintendent of SCI-Greene)], Mr. [Michael] Zaken [(Deputy Superintendent of SCI-Greene)], and Mr. [Gregory] Johnson [(Principal of SCI-Greene's Education Department), (collectively the defendants)] violated 18 Pa.C.S § 903 Criminal Conspiracy to commit Official Oppression and 18 Pa.C.S § 5301(2) Official Oppression. Specifically, that [Appellant] was the subject of retaliation resulting from his federal civil complaint against Mr. Gilmore and Mr. Zaken.  [Appellant] also asserts allegations against [Mr.] Johnson . . . for actions ([Appellant] claims) were [taken] at the direction of Mr. Zaken and Mr. Gilmore.

[Appellant] is currently an inmate at [SCI-Greene], and [he] seeks to bring criminal charges against [the defendants] for alleged conduct relating to acts of retaliation against [Appellant].

Specifically, [Appellant] alleges that on November 5, 2019, [Mr.] Johnson, acting on behalf of Mr. Zaken and Mr. Gilmore, fired [Appellant] from his position as an inmate legal reference guide in the prison law library and confiscated personal legal files of inmates who utilized legal aid[] services in retaliation for [Appellant's] federal civil complaint.

[Appellant] alleges that on November 17, 2019, Mr. Zaken and Mr. Gilmore denied him visitation with his adult brother and teenage son. Further, [Appellant] alleges that on December 10, 2019, Mr. Johnson, acting on behalf of Mr. Zaken and Mr. Gilmore, threatened disciplinary action if [Appellant] continued to sign up for additional library time.

On April 28, 2020, Mr. Johnson [allegedly] removed [Appellant] from the library without cause.

Further, [Appellant] alleges that from January 1, 2020 until January 22, 2020, Mr. Zaken and Mr. Gilmore denied [Appellant] the ability to order food and hygiene products from the commissary.

On November 5, 2021, pursuant to Pennsylvania Rule of Criminal Procedure, Rule 506, a review hearing was held by the [trial c]ourt. The Commonwealth stated that its determination to disapprove [Appellant's] private criminal complaint was based upon a hybrid of legal and policy considerations.

Assistant District Attorney [Roy E.] Cross stated that the denial was based upon an investigation by county investigators, a review of the file, a complaint with the Department of Corrections, and a pending federal civil case involving [Appellant] and the . . . defendants. The Commonwealth made a legal determination that the facts were so lacking in illegality that no reasonable jury would be able to find the [alleged] conduct was knowingly illegal. Further, the Commonwealth made a policy determination that to properly manage limited time and resources and reasonable efforts made to investigate [Appellant's] private criminal complaint, the District Attorney's office disapproved [Appellant's] private criminal complaint.

Trial Ct. Op. and Order, 3/2/22, at 4-7 (formatting altered and citations omitted). After review, the trial court found that the Commonwealth's decision to deny Appellant's private criminal complaint was based on a hybrid of legal and policy determinations, and the trial court affirmed the Greene County District Attorney's disapproval of Appellant's private criminal complaint. *See id.* at 8. This timely appeal followed.

In his brief, Appellant presents the following issues:

1. Did the lower court abuse its discretion in disapproving the private criminal complaint despite the Greene County District Attorney's failure to investigate?

2. Did the lower court abuse its discretion in disapproving the private criminal complaint despite the Greene County District Attorney's failure to establish a particular policy?

Appellant's Brief at 3 (formatting altered).

Our standard of review of a trial court's decision to affirm a district attorney's disapproval of a private criminal complaint is as follows:

When the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.

When the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.

*In re Animal Outlook*, 271 A.3d 516, 521 (Pa. Super. 2022) (citation omitted).

Before we reach the merits of Appellant's issues, we must determine whether they are properly before us. It is well settled that when the trial court orders an appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), issues not included in the statement are waived. *See* Pa.R.A.P. 1925(b)(4)(vii). Similarly, issues raised in an untimely filed Rule 1925(b) statement are waived. *See Commonwealth v. Castillo*, 888 A.2d 775, 776 (Pa. 2005) (holding that an appellant waived issues presented in an untimely Rule 1925(b) statement). This bright-line rule of waiver applies to both counseled and *pro se* appellants. *See, e.g., Commonwealth v. Schofield*, 888 A.2d 771, 773-75 (Pa. 2005) (holding that a *pro se* appellant who failed to comply with Rule 1925(b) waived issues on appeal).

The record reflects that Appellant filed a timely appeal, and on March 22, 2022, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on or before April 12, 2022. Order, 3/22/22. On May 19, 2022, the trial court filed an order pursuant to Rule 1925(a) stating that Appellant failed to file a timely Rule 1925(b) statement and noting that the reasons for affirming the District Attorney's disapproval of the private criminal complaint were set forth in its March 3, 2022 order. Order, 5/19/22. The trial court transmitted the certified record to this Court on May 20, 2022. The trial court docket reflects that on

- 4 -

May 31, 2022,[1] Appellant filed an untimely Rule 1925(b) statement and a motion requesting an enlargement of time to file a Rule 1925(b) statement. On June 2, 2022, the trial court informed Appellant that the record had already been transmitted to this Court, and it denied Appellant's motion for enlargement of time. Order, 6/2/22.

Because Appellant did not file a timely Rule 1925(b) statement, he failed to preserve any issues for this Court's consideration. **See Castillo**, 888 A.2d at 776; **see also** Pa.R.A.P. 1925(b)(4)(vii). Accordingly, we affirm the trial court's order which affirmed the Greene County District Attorney's disapproval of Appellant's private criminal complaint. In any event, were we to reach the merits of Appellant's appeal, we would affirm the trial court's order on the basis of its March 3, 2022 opinion and order.

Order affirmed.

_____

[1] Appellant's Rule 1925(b) statement is dated May 26, 2022. It is undisputed that Appellant was incarcerated when he filed his Rule 1925(b) statement. We note that the prisoner mailbox rule provides that a prisoner's *pro se* filing is deemed filed on the date he delivers it to prison authorities for mailing. **See Commonwealth v. Kennedy**, 266 A.3d 1128, 1132, n.8 (Pa. Super. 2021) (citation omitted); **see also** Pa.R.A.P. 121. However, pursuant to the mailbox rule, the earliest date on which Appellant's Rule 1925(b) statement could be deemed filed was on May 26, 2022, which was forty-four days late. Accordingly, even with the application of the mailbox rule, Appellant's Rule 1925(b) statement was untimely.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2023