**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEORGE STRZELCZYK | : | |
| | : | |
| Appellant | : | No. 2631 EDA 2022 |

Appeal from the PCRA Order Entered September 8, 2022
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0001032-1986

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED MAY 10, 2023**

George Strzelczyk appeals, *pro se*, from the order denying his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We conclude Strzelczyk's PCRA petition is patently untimely, and he failed to plead and prove an exception to the PCRA's timeliness requirement. We affirm.

In 1987, a jury found Strzelczyk guilty of rape and related charges. The trial court sentenced Strzelczyk to an aggregate term of 15 to 30 years in prison.[1] This Court affirmed the judgment of sentence on direct appeal, and

---

[1] We note that the record indicates Strzelczyk was free on bail during his direct appeal, and that he subsequently spent several years as a fugitive before he began serving his sentence. As a result, he is still serving this sentence as of April 24, 2023. **See** www.inmatelocator.cor.pa.gov/, inmate # CQ8248, last accessed 4/24/2023.

our Supreme Court denied allowance of appeal. *See Commonwealth v. Strzelczyk*, 555 A.2d 250 (Pa. Super. filed Oct. 31, 1988) (unpublished memorandum), *appeal denied*, 562 A.2d 320 (Pa. 1989). In the decades that followed, Strzelczyk filed four PCRA petitions, each of which was denied.

On April 28, 2022, Strzelczyk filed a *pro se* "Concise Statement of Matters on Appeal," which the PCRA court construed as his fifth PCRA Petition. Therein, Strzelczyk argued Attorney Michael Cowley, who had filed an amended petition on Strzelczyk's behalf during the litigation of his fourth PCRA petition, was never permitted to present evidence despite citing newly-discovered evidence.[2] The PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Strzelczyk's fifth petition without a hearing. In response, Strzelczyk filed a "Notice of Disposition Appeal," challenging the PCRA court's conclusion that his PCRA petition was untimely filed. On September 8, 2022, the PCRA court denied Strzelczyk's PCRA petition. This appeal followed.[3]

---

[2] The record reflects that Attorney Cowley was granted permission to withdraw from representation on May 14, 2012, and the PCRA court directed counsel to deliver the record to the Monroe County Public Defender's Office. *See* Order, 5/14/12.

[3] The record indicates the PCRA court served the order denying Strzelczyk's PCRA petition several days later, on September 13, 2022. *See* Pa.R.A.P. 108(a)(1) ("[T]he day of entry [of an order] shall be the day the clerk of the court … mails or delivers copies of the order to the parties…."). Strzelczyk filed a *pro se* "Writ of *Mandamus*" in the Pennsylvania Supreme Court, which he described as an appeal from the PCRA court's order. The Supreme Court received the filing on October 7, 2022, and transferred it to this Court. *See* Pa.R.A.P. 905(a)(4) (permitting transmission of a notice of appeal that was
*(Footnote Continued Next Page)*

- 2 -

"This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa. Super. 2017) (citation omitted).

Prior to reaching the merits of Strzelczyk's claims, we must consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). The PCRA's timeliness requirements are jurisdictional in nature, and a court lacks jurisdiction to address claims raised in an untimely petition. **See Commonwealth v. Liebensperger**, 904 A.2d 40, 45 (Pa. Super. 2006). A PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final, for purposes of PCRA review, "at the conclusion of direct review, including discretionary review in the … Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, Strzelczyk's judgment of sentence became final in 1989. The instant PCRA petition, filed several decades later, is therefore patently untimely. Accordingly, the PCRA court lacked jurisdiction to review Strzelczyk's petition unless he was able to plead and prove one of the statutory exceptions to the PCRA's time-bar set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-

---

originally filed in an incorrect office). Because Strzelczyk filed the *pro se* document in the Supreme Court within 30 days of the PCRA court's order, we consider this appeal as timely filed.

(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim first could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2). "The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." ***Commonwealth v. Jones***, 54 A.3d 14, 17 (Pa. 2012).

In his appellate brief, Strzelczyk generally complains that the PCRA court "seized" Attorney Cowley's records after replacing him with a public defender. ***See*** Appellant's Brief at 3. He claims that Attorney Cowley was not permitted to present his case. ***See id.*** at 5. Strzelczyk also baldly asserts that records from Children and Youth Services confirm the existence of a plea agreement. ***See id.***

Though Strzelczyk refers to the government interference exception, he fails to plead and prove that his failure to raise his claims previously was the result of interference by government officials, or that he could not have obtained this information sooner through the exercise of due diligence. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i); ***Commonwealth v. Kennedy***, 266 A.3d 1128, 1135 (Pa. Super. 2021). Strzelczyk baldly claims the PCRA court seized Attorney Cowley's records, without explaining what records are allegedly missing or how those records might have impacted his prior PCRA proceeding. Further, as noted above, Attorney Crowley sought and was granted permission to withdraw as counsel.

Moreover, Strzelczyk raised his claim concerning an alleged plea deal in his fourth PCRA petition, and therefore, this issue was previously litigated. **See** 42 Pa.C.S.A. § 9543(a)(3) (a PCRA petitioner must establish the issue has not been previously litigated); 42 Pa.C.S.A. § 9544(a)(3) ("[A]n issue has been previously litigated if … it has been raised and decided in a proceeding collaterally attacking the conviction or sentence."). Previously, this Court concluded he failed to establish a timeliness exception because he did not explain when he received notice of these records. **See Commonwealth v. Strzelczyk**, 60 A.3d 864, 615 EDA 2012 (Pa. Super. filed Sept. 28, 2012) (unpublished memorandum).

Strzelczyk has provided nothing more than bald assertions and previously litigated claims. Because Strzelczyk has failed to plead and prove an exception to the PCRA's time-bar, we affirm the PCRA court's order denying his untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2023

- 5 -