J-S12006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROLAND GATHRIGHT | : | |
| | : | |
| Appellant | : | No. 1989 EDA 2023 |

Appeal from the PCRA Order Entered June 30, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001034-2009,
CP-51-CR-0001055-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROLAND GATHRIGHT, | : | |
| | : | |
| Appellant | : | No. 2666 EDA 2023 |

Appeal from the PCRA Order Entered June 30, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001034-2009,
CP-51-CR-0001055-2009

BEFORE:  DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                          **FILED JULY 10, 2024**

Appellant, Roland Gathright, appeals *pro se* from the order entered June 30, 2023, in the Philadelphia County Court of Common Pleas dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Because Appellant's petition fails to satisfy an exception to the PCRA's time bar, we affirm the PCRA court's dismissal.

**A.**

We glean the relevant procedural history from the PCRA court opinion. The Commonwealth charged Appellant at two separate docket numbers[1] with Rape and related offenses arising from the sexual abuse of his two nieces. On May 17, 2011, Appellant pleaded guilty to *inter alia*, two counts of Rape, one at each docket number.[2] The court sentenced Appellant to an aggregate term of 20-40 years' incarceration.

This Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 29, 2018. ***Commonwealth v. Gathright***, 2018 WL 2423688 (Pa. Super. May 30, 2018), *appeal denied*, 202 A.3d 685 (Pa. 2018). Appellant's judgment of sentence, thus, became final on September 27, 2018.[3]

Appellant timely filed his first PCRA petition on January 3, 2020, asserting, *inter alia*, that the court had discharged both counts of Rape at his preliminary hearing verbally, but not in its written order. PCRA Petition, 1/3/20, at 4. The PCRA court dismissed Appellant's petition without a hearing

---

[1] CP-51-CR-0001034-2009 and CP-51-CR-0001055-2009.

[2] Prior to sentencing, Appellant sought to withdraw his guilty plea. The court initially granted the motion for withdrawal, but later denied it following appeal and remand.

[3] ***See*** Sup. Ct. R. 13 (allowing 90 days to file a Petition for Writ of Certiorari to the United States Supreme Court).

on March 23, 2021. This Court affirmed the dismissal, and, according to the PCRA court, the Pennsylvania Supreme Court administratively closed Appellant's petition for allowance of appeal on October 6, 2022, for failure to perfect. *Commonwealth v. Gathright*, 2022 WL 1665239 (Pa. Super. May 25, 2022) (unpublished memorandum); PCRA Ct. Op., 10/20/23, at 4.

On November 4, 2022, Appellant *pro se* filed his second PCRA Petition, the dismissal of which is now before us, asserting that his counsel, Deborah Fagen, Esq., was ineffective for failing to argue prior to his plea that the court should have dismissed the Rape charges in writing, not verbally, at his preliminary hearing. PCRA Petition, 11/4/22, at 4.

On March 28, 2023, the PCRA court issued a notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907, concluding that it lacked jurisdiction because Appellant's petition was patently untimely. Appellant did not file a response. On June 30, 2023, the PCRA court dismissed the petition as untimely. Appellant timely appealed.

**B.**

Appellant challenges the PCRA court's dismissal of his petition as untimely.[4] He argues that the COVID-19 lockdown prevented him from using the prison law library, and thus, he could not have found the "newly discovered

_____

[4] Appellant's brief does not contain a Statement of Questions Presented as required by Pa.R.A.P. 2116. We nonetheless discern his issue from the argument presented in his brief.

evidence" of his counsel's ineffectiveness until the lockdown was lifted. Appellant's Br. at 2 (unpaginated).

We review the dismissal of a PCRA petition to determine whether the record supports the PCRA court's determination and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). However, before we review the issues raised on appeal, we must determine whether Appellant's petition satisfies the jurisdictional timeliness requirements.

It is well-established that the timeliness of a PCRA petition is jurisdictional; if a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. *Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005). To be timely, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's jurisdictional time bar "is constitutionally valid." *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004).

Here, Appellant's petition, filed four years after his judgment of sentence became final, is facially untimely. Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of

the three exceptions to the time bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be "filed within one year of the date the claim could have been presented." 42 Pa.C.S § 9545(b)(2).

To establish the newly discovered facts exception to the time bar, a petitioner must plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has held that this exception "does not require any merits analysis of the underlying claim" but merely requires the petitioner to plead and prove two elements: "1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (internal quotation marks and emphasis omitted), *citing* 42 Pa.C.S. § 9545(b)(1)(ii).

Relevantly, "a petitioner's belief that he has uncovered a colorable claim of ineffectiveness by prior counsel does not entitle the petitioner to an exception to the timeliness requirements." *Commonwealth v. Crews*, 863 A.2d 498, 503 (Pa. 2004). Furthermore, our court has held that decisional law and state procedural rules do not constitute facts for the purpose of the newly discovered fact exception. *Commonwealth v. Kennedy*, 266 A.3d 1128, 1135 (Pa. Super. 2021).

Finally, it is the appellant's burden to persuade this Court that the PCRA court erred, and that relief is due. ***Commonwealth v. Feliciano***, 69 A.3d 1270, 1275 (Pa. Super. 2013).

## C.

The PCRA court found that Appellant's petition was untimely, and he failed to "properly invoke" any of the exceptions to the PCRA's time bar. PCRA Ct. Op. at 6. Specifically, the court determined that ineffective assistance of counsel claims do not satisfy any of the exceptions to the time bar, and that the Rules of Criminal Procedure cited by Appellant[5] cannot constitute facts in order to satisfy the newly discovered fact exception.[6] ***Id.***

Following our review, we discern no error in the PCRA court's reasoning, and we conclude that Appellant failed to plead and prove any exception to the time bar as set forth in Section 9545(b)(1). Furthermore, it is Appellant's burden to persuade this Court that the PCRA court erred, and that he is entitled to relief. ***Feliciano***, 69 A.3d at 1275. In his brief to this court, Appellant fails to establish how the PCRA court erred in determining that he

---

[5] Specifically, in his petition, he maintained that Pennsylvania Rules of Criminal Procedure 544 and 561 and his counsel's ineffectiveness were newly discovered facts that met the exception to the PCRA's time bar. PCRA Petition, 11/4/22, at 3; PCRA Ct. Op. at 6.

[6] The PCRA court also determined that Appellant had previously litigated this claim and he is attempting to "raise a nearly identical argument" in the current PCRA. PCRA Ct. Op. at 7-8. ***See also*** 42 Pa.C.S. § 9543(a)(3) (requiring that the claim the defendant seeks to raise in a PCRA petition "has not been previously litigated or waived."). Although we agree with the PCRA court that Appellant already raised this issue, we need not address it in this appeal.

did not meet any of the enumerated exceptions to the time bar. Accordingly, Appellant has not satisfied the PCRA's timeliness requirements, and thus, this Court, like the PCRA court, lacks jurisdiction to consider the merits of his claims. Therefore, we affirm the dismissal of Appellant's second PCRA petition.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/10/2024