J-S04004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL DONALD CARL | : | |
| | : | |
| Appellant | : | No. 1725 EDA 2024 |

Appeal from the PCRA Order Entered June 4, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0004381-2002

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED MARCH 14, 2025**

Appellant, Joel Donald Carl, appeals from the order entered on June 4, 2024, which dismissed as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court has previously recounted:

> On February 5, 2004, a jury convicted Appellant of first-degree murder and possessing instruments of crime ("PIC"), in connection with the murder of his wife on November 13, 2002. The court sentenced Appellant on March 15, 2004, to life imprisonment for murder, and [two and one-half to five] years' imprisonment for PIC. This Court affirmed the judgment of sentence on November 16, 2005, and our Supreme Court denied allowance of appeal on June 12, 2006.

***Commonwealth v. Carl***, 890 A.2d 1094, at *1 (Pa. Super. 2005) (judgment order) (footnote omitted), *appeal denied*, 902 A.2d 969 (Pa. 2006).

_____

[*] Retired Senior Judge assigned to the Superior Court

"Appellant's judgment of sentence became final on September 10, 2006, upon expiration of the time for filing a petition for writ of *certiorari* with the U.S. Supreme Court." *Id.*, *citing* U.S.Sup.Ct.R. 13. Since then, Appellant has litigated three prior PCRA petitions, which were all denied. Most recently, and at issue currently, Appellant filed a PCRA petition on July 3, 2018. Appellant asserted that trial counsel provided ineffective assistance when counsel "refused to allow him to take the stand in violation of the [United States Supreme Court] holding [in] *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018)." *See* PCRA Court Order, 2/28/2019, at 1 n.1. On February 28, 2019, the PCRA court entered an order providing notice, pursuant to Pa.R.Crim.P. 907, that it intended to dismiss Appellant's PCRA petition without a hearing. Both the Commonwealth and Appellant filed responses to the Rule 907 notice. On May 9, 2024, the case was reassigned, and the new PCRA court judge denied relief by order entered on June 4, 2024. *See* PCRA Court Opinion, 8/7/2024, at 2. This timely appeal resulted.[1]

On appeal, Appellant presents the following issue for our review:

I.  Whether the PCRA court erred in finding trial counsel was not ineffective where trial counsel told Appellant that he could not take the stand and testify?

Appellant's Brief at 2 (superfluous capitalization omitted).

_____

[1]  Appellant filed a timely notice of appeal on June 27, 2024 and timely complied with the PCRA court's subsequent direction to file a concise statement pursuant to Pa.R.A.P. 1925(b). On August 7, 2024, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) relying upon its prior, detailed Rule 907 "footnoted [o]rder dated February 27, 2019" as the rationale for dismissal. *Id.* at 3.

In sum, Appellant argues that trial counsel "deprived [him] of the right to make the decision whether to stand trial or not and whether [trial counsel's] decision led [Appellant] to reject a favorable guilty plea [agreement] to third[-]degree [rather than] stand trial and face a mandatory life sentence for first[-]degree murder." *Id.* at 3. Citing *McCoy*, *supra*, Appellant claims he "had the autonomous right to plead guilty and/or stand trial." *Id.* at 4.

"On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Wharton*, 263 A.3d 561, 567 (Pa. 2021) (citations omitted).

This Court has recently determined:

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.[A.] § 9545(b)(1). Under the PCRA, a judgment becomes final on the date that all direct review of the defendant's judgment of sentence has ended and the time for seeking further direct review has expired. 42 Pa.C.S.[A.] § 9545(b)(3); *Commonwealth v. Wharton*, 263 A.3d 561, 570 (Pa. 2021); *Commonwealth v. Kennedy*, 266 A.3d 1128, 1132-33 (Pa. Super. 2021).

A PCRA petition may be filed beyond this one-year time period only if the defendant pleads and proves one of the following three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 3 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.[A.] § 9545(b)(1). These exceptions apply only if the defendant filed the PCRA petition "within one year of the date the claim could have been presented." 42 Pa.C.S.[A.] § 9545(b)(2); **Commonwealth v. Stahl**, 292 A.3d 1130, 1134 (Pa. Super. 2023); **Commonwealth v. Hipps**, 274 A.3d 1263, 1267 (Pa. Super. 2022). The PCRA's time bar is jurisdictional, and a court may not ignore it and reach the merits of an untimely PCRA petition. **Commonwealth v. Fahy**, 737 A.2d 214, 222-[2]23 (Pa. 1999); **Stahl**, 292 A.3d at 1134; **Hipps**, 274 A.3d at 1267.

**Commonwealth v. Barber**, 303 A.3d 744, at *1 (Pa. Super. 2023) (non-precedential decision).[2] "[An] allegation of ineffectiveness of counsel for failure to put forward available claims does not excuse compliance with the timeliness requirements of the PCRA." **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 786 (Pa. 2000) (citation omitted).

Here, Appellant's judgment of sentence became final on September 10, 2006. Thus, Appellant had one-year from September 10, 2006, to file a timely PCRA petition. As such, Appellant's current PCRA petition, filed on July 3, 2018, was patently untimely. Appellant, however, maintains that **McCoy**, **supra**, created "a fundamental right" and the "issue presented w[as]

_____

[2] **See** Pa.R.A.P. 126(b) (providing that unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

- 4 -

retroactive" as an exception to timeliness under the PCRA pursuant to Section 9545(b)(1)(iii). ***Id.*** at 4-5. "***McCoy***, however, did not recognize a new constitutional right." ***Commonwealth v. Gonzalez***, 242 A.3d 416 (Pa. Super. 2020) (non-precedential decision), *citing* ***Commonwealth v. Weiss***, 81 A.3d 767 (Pa. 2013); ***Commonwealth v. Hoffman***, 2020 WL 200838 at *2 (Pa. Super. 2020) (non-precedential decision) ("***McCoy*** simply applied a defendant's well-rooted Sixth Amendment right to autonomy to a new set of circumstances."). Moreover, ***McCoy*** has not been held by the Supreme Court of the United States to apply retroactively on collateral review. ***Gonzalez***, 242 A.3d 416, at *5 (citation omitted). As such, we affirm the PCRA court's determination that the instant petition was untimely and that the court lacked jurisdiction to examine the merits of Appellant's current collateral claim.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/14/2025