J-S04042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN B. JOHNSON | : | |
| | : | |
| Appellant | : | No. 870 EDA 2022 |

Appeal from the PCRA Order Entered March 14, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1021331-1984

BEFORE:  MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED FEBRUARY 22, 2023**

Calvin B. Johnson (Johnson) appeals *pro se* from an order entered by the Court of Common Pleas of Philadelphia County (PCRA court) dismissing as untimely his fourth post-conviction petition.[1]  In 1985, Johnson was found guilty of murder and sentenced to a prison term of life.  Over 30 years later, in 2016, Johnson claimed for the first time that prosecutors had suppressed exculpatory evidence and that a witness had come forward with new testimony which supports Johnson's theory of self-defense.  Because the PCRA court did not err in finding the petition to be untimely, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] All of Johnson's claims fall under the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 (PCRA).

**I.**

It is undisputed that in 1984, Johnson shot and killed the victim, Gerald Goode. At Johnson's murder trial, eyewitnesses Jack Johnson and Henry Snell testified that they had been with Goode and several other men, including Jonathan Singleton, just before the shooting. The two eyewitnesses testified that Johnson and an accomplice, Kevin Clark, had lain in wait for Goode on the night of the incident. As Goode approached them, Clark blinded him with a flashlight and Johnson opened fire. Both eyewitnesses testified that Goode was unarmed when Johnson shot him.

Johnson admitted to the shooting but claimed that he had acted in self-defense. He testified that he and Clark had been patrolling the area in their capacity as members of a neighborhood watch. They attempted to apprehend Goode for a robbery and attempted rape of Johnson's sister. Although Johnson and Clark both testified that Goode had been armed and had attempted to draw a gun, no weapon was recovered from Goode's person after he was shot, and no other witnesses corroborated the claim that Goode possessed a weapon during the fatal encounter.

On September 10, 1985, Johnson was convicted of first-degree murder and sentenced to a term of life. The judgment of sentence was affirmed on direct appeal. *See Commonwealth v. Johnson*, 531 A.2d 32 (Pa. Super. June 15, 1987) (unpublished memorandum); *Commonwealth v. Johnson*, 538 A.2d 875 (Pa. January 28, 1988) (denying allocatur). Three subsequent

PCRA petitions were denied and the corresponding orders were all affirmed. *See Commonwealth v. Johnson*, 735 A.2d 1268 (Pa. 1988) (denying allocatur after denial of first PCRA petition upheld); *Commonwealth v. Johnson*, 817 A.2d 1179 (Pa. Super. December 19, 2002) (affirming dismissal of second PCRA petition) (unpublished memorandum); *see Commonwealth v. Johnson*, 28 EDA 2015 (Pa. Super. July 22, 2015) (affirming dismissal of third PCRA petition) (unpublished memorandum).

Johnson filed the present PCRA petition (his fourth) on March 15, 2016. Supplemental petitions were filed on September 16, 2016, and December 4, 2018. He asserted in the petitions that prosecutors at his trial in 1985 had withheld the fact that a key eyewitness (Snell) and the victim (Goode) had prior criminal convictions, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), which requires prosecutors to furnish the defense with exculpatory evidence. These convictions, Johnson argued, could have been used at trial to impeach Snell's credibility and corroborate Johnson's claim of self-defense. Johnson asserted that the Commonwealth's conduct amounted to "governmental interference" and "fraud on the court" which prevented him from raising the claim earlier.

Further, Johnson sought to introduce newly-discovered evidence in the form of Singleton's affidavit. Singleton had been among the group of men who were with Goode on the night he was shot in 1984. However, Singleton did not complete his affidavit until July 31, 2016, at which time he averred for

- 3 -

the first time that Goode was armed on the night he was shot, that Snell had removed Goode's weapon from the scene of the shooting, and that the intoxication and injury of the eyewitness, Jack Johnson, would have prevented him from observing the incident accurately. Singleton gave no explanation in his affidavit as to why he waited 30 years to come forward.

The PCRA court entered a Rule 907 notice of its intent to summarily dismiss Johnson's fourth PCRA petition because it was untimely filed.[2] Johnson submitted a response to the 907 notice, reiterating his earlier claims and arguing in part that his petition should be deemed timely filed because the delays in asserting his **Brady** claim resulted from the ineffectiveness of prior counsel.

The PCRA court dismissed the fourth petition and Johnson appealed. The PCRA court then entered a 1925(a) opinion giving its reasons why the order of dismissal should be upheld. **See** PCRA Court Opinion, 1925(a) Opinion, 7/20/2022, at 1-3.

In his brief, Johnson now raises three issues for our consideration, all of which concern the timeliness of his petition. He argues that the Commonwealth's suppression of relevant criminal history satisfies the "governmental interference" exception to the PCRA's time-bar; that his delay in discovering the Commonwealth's suppression of evidence was caused by

_____

[2] **See** Pa.R.Crim.P. 907.

the ineffectiveness of his prior counsel; and that the affidavit of Singleton satisfied the "newly-discovered fact" exception to the time-bar. *See* Appellant's Brief, at 3.

## II.

## A.

Johnson asserts two related *Brady* claims regarding the Commonwealth's alleged withholding of Snell and Goode's criminal histories. Although the arguments are difficult to parse, Johnson appears to be asserting that his *Brady* claims should be considered timely filed because his delay in seeking relief resulted from the Commonwealth's misrepresentations and his prior counsels' ineffectiveness.[3]

The PCRA's time-bar is jurisdictional, so a court is precluded from considering an untimely PCRA petition on the merits unless the petitioner can plead and prove that a recognized exception applies. *See Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012). The PCRA enumerates three such exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[3] An order dismissing a PCRA petition must be affirmed if the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005).

- 5 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

A petition invoking any of the above exceptions must be filed "within one year of the date the claim could have been presented," or within 60 days if it was filed before December 2017. 42 Pa.C.S. § 9545(b)(2).[4] Johnson filed the present petition in 2016, so he had 60 days from the date his claims arose in which to validly invoke any of the exceptions to the PCRA's time-bar.

To establish the governmental interference exception, a petitioner must show that: "(1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence." *Commonwealth v. Kennedy*, 266 A.3d 1128, 1135 (Pa. Super. 2021) (citing *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008)). An alleged violation of *Brady* "may fall within the governmental interference

_____

[4] As of December 24, 2018, the time-period in which to file a petition invoking one of the three exceptions is extended from 60 days to one year. *See* 42 Pa.C.S. § 9545(b)(2); Act 2018, Oct. 24, P.L. 894, No. 146, §§ 2, effective in 60 days [Dec. 24, 2018]. This amendment applies to claims arising one year prior to the effective date of the amendment taking effect as to claims arising on or after December 24, 2017.

exception," but due diligence must still be shown. ***Abu-Jamal***, 941 A.2d at 1268; ***see also Commonwealth v. Bennett***, 930 A.2d 1264, 1271-72 (Pa. 2007) (a ***Brady*** claim may constitute a newly-discovered fact, but a PCRA court's jurisdiction can only be invoked where the fact could not have been ascertained sooner by the exercise of due diligence).

Here, Johnson does not dispute that the petition is facially untimely, as it had to be filed in 1989[5] and the present petition was filed in 2016. ***See*** 42 Pa.C.S. § 9545(b). He has attempted to satisfy the exceptions to the PCRA's time-bar by asserting that these claims were delayed by governmental interference and his own counsel's ineffectiveness. Our review of the record supports the PCRA court's conclusion that it lacked jurisdiction to consider these claims because the exceptions do not apply.

As the PCRA court noted, Johnson has submitted "copies of what appear to be summaries of criminal charges for [Goode and Snell]." PCRA Court 1925(a) Opinion, 7/20/2022, at 1. These criminal histories arguably conflict with statements by prosecutors at Johnson's trial that Goode and Snell had no prior convictions at that point. However, Johnson did not attempt to plead and prove in his fourth PCRA petition when he learned that the Commonwealth made the alleged misstatements. In fact, Johnson made no effort at all to

---

[5] A prior panel of this Court calculated that Johnson had to file his PCRA petition by March 28, 1989. ***See Commonwealth v. Johnson***, 28 EDA 2015, at * 2 (Pa. Super. July 22, 2015) (unpublished memorandum).

establish that he was unable to obtain the criminal histories of Goode and Snell through the exercise of due diligence prior to 2016. Thus, the PCRA court did not err in determining that Johnson failed to establish the governmental interference exception to the PCRA's jurisdictional time-bar. *See Kennedy*, 266 A.3d at 1135.

Relatedly, Johnson cannot satisfy an exception to the PCRA's time-bar by simply framing the *Brady* issue as a claim of ineffective assistance of counsel. In his petition and brief, Johnson argues that his prior counsel should have located the criminal histories of Goode and Snell so that the evidence could be used at trial to prove that Johnson shot Goode in self-defense.

Johnson cites our Supreme Court's decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), for the proposition that this ineffectiveness claim is now timely because he asserted it "at the earliest possible point," in response to the PCRA court's Rule 907 notice of intent to dismiss his fourth PCRA petition. However, contrary to Johnson's interpretation of the case, *Bradley* is of no avail.

The Court held in *Bradley* that a "PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." 261 A.3d at 401. The *Bradley* concurrence stressed that the decision did "not create an exception to the PCRA's jurisdictional time-bar[.]" *Id*. at 406 (Dougherty, J., concurring).

In line with that rationale, this Court has declined to extend the holding of **Bradley** to cases involving untimely or serial PCRA petitions. **See Commonwealth v. Dixon**, 1145 EDA 2022 (Pa. Super. December 28, 2022) (unpublished memorandum) (holding **Bradley** does add to or modify the timeliness exceptions of Section 9545(b)(1)(iii)); **Commonwealth v. Mead**, 646 MDA 2021 (Pa. Super. April 1, 2022) (unpublished memorandum) (emphasizing that **Bradley** involved a timely first PCRA petition and did not apply to appellant's appeal from order denying his untimely petition); **see also Bennett**, 930 A.2d at 1272 (an allegation of PCRA counsel's ineffectiveness cannot be invoked as a newly-discovered fact for the purposes of satisfying an exception under 42 Pa.C.S. § 9545(b)). Thus, Johnson's claim is untimely and the PCRA court did not err in dismissing his **Brady** claims on that ground.

**B.**

Johnson's final claim is that the PCRA court erred in ruling that the affidavit of an eyewitness (Singleton) did not satisfy the newly-discovered fact exception to the PCRA's time-bar.

This exception only applies where the facts upon which the claim is predicated were not previously known to the petitioner and could not have been ascertained through the exercise of due diligence. **See** 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has explained that the exception has to do with "newly discovered facts, not . . . a newly discovered or a newly willing

source for previously known facts." ***Commonwealth v. Johnson***, 863 A.2d 423, 427 (Pa. 2004).

The due diligence component of the exception requires a petitioner to make a "reasonable effort" to protect his interests and uncover facts that may support a claim for collateral relief. ***See generally Commonwealth v. Burton***, 158 A.3d 618, 623-24 (Pa. 2017). When asserting this exception, a petitioner "must explain why he could not have learned the new facts earlier with the exercise of due diligence." ***Commonwealth v. Sanchez***, 204 A.3d 524, 526 (Pa. Super. 2019). "This rule is strictly enforced." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010).

In the present case, Johnson had sought to prove at trial that he had shot the victim, Goode, in self-defense. Both Johnson and his accomplice testified that Goode was armed. The affidavit produced by Singleton corroborates Johnson's trial testimony and also adds the new detail that, according to Singleton, it was the eyewitness, Snell, who removed Goode's weapon in the aftermath of the shooting.

Johnson has nevertheless failed to establish that the newly-discovered fact exception applies because he did not explain why Singleton's account could not have been uncovered earlier through the exercise of due diligence. The trial took place in 1985 – over 30 years prior to his most recent PCRA petition – and Singleton's presence at the shooting has been known to Johnson since that time.

The affidavit submitted by Singleton sheds no light on why he waited several decades to share what he had observed on the night Goode was killed. Johnson has likewise given no cogent explanation as to why he could not have contacted Singleton in the intervening decades between the shooting and the filing of his fourth PCRA petition. Thus, the PCRA court did not err in determining that Johnson's claim is untimely because due diligence was not shown. *See Commonwealth v. Porter*, 35 A.3d 4, 21–22 (Pa. 2012) (finding lack of diligence where defendant failed to explain why he could not have spoken to known witness in the decades between the trial and the discovery of new fact).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023