J-S04003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL MCFADDEN | : | |
| | : | |
| Appellant | : | No. 1309 EDA 2023 |

Appeal from the Order Entered May 1, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012458-2011

BEFORE:  BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 26, 2024**

Nathaniel McFadden appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

Briefly, the history of this case is as follows.  Appellant stabbed his sister, was charged with aggravated assault and possession of an instrument of crime, and pled guilty.  On January 31, 2012, he was sentenced to eleven and one-half to twenty-three months of incarceration followed by ten years of probation.  He did not file an appeal.  In 2016, while serving the probationary tail of his sentence, Appellant murdered his grandmother.  Consequently, his probation was revoked and he was resentenced in 2018 to a term of one day to fifteen years of imprisonment on the aggravated assault conviction.

Appellant filed a PCRA petition on January 7, 2022, pleading an after-discovered evidence claim based upon his plea counsel's failure to obtain a

mental health evaluation. *See* PCRA Petition, 1/7/22, at 4. Appellant asserted that the fact that he needed to have a mental health professional examine him in connection with the instant case was previously unknown to him, and that he learned of it on an undisclosed date "through the assistance of the law library and case law." *Id*. at 3-4 (citing *Williams v. Taylor*, 529 U.S. 362 (2000) (holding capital defendant denied effective assistance of counsel by failure to investigate and present mitigating evidence at penalty phase of trial), and *Commonwealth v. Martin*, 5 A.3d 177 (Pa. 2010) (regarding counsel's effectiveness in deciding how to present mental health mitigation evidence)). He additionally attached to his PCRA petition a mental health evaluation report that was conducted in 2017 in connection with his murder case. *Id*. at Exhibit A.

The PCRA court appointed counsel who filed a motion to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), indicating that Appellant's petition was untimely. Appellant submitted a response reiterating that he "did not know that [he] was supposed to receive a mental health evaluation until [he] was doing a PCRA for a case [he] was convicted of after this case." Response, 1/11/23, at unnumbered 1. The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as untimely. Appellant filed a *pro se* response indicating on the one hand that he and his attorney could not have ascertained his mental state at the time of

his plea because Appellant "did not know there was anything wrong with [him] at the time," and on the other hand that he had informed his attorney that he took "medication for [his] mental illness which is schizophrenia." Response, 3/9/23.

By order of May 1, 2023, the court dismissed Appellant's petition and permitted counsel to withdraw. This timely appeal followed. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant complied.[1] Appellant presents the following question for our review: "[Were Appellant]'s Fifth Amendment rights violated due to the fact that he did not receive a mental health evaluation?" Appellant's brief at unnumbered 2.

We begin with a review of the pertinent legal precepts. "In general, we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." *Commonwealth v. Howard*, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up).

> As to legal questions, we apply a *de novo* standard of review to the PCRA court's legal conclusions, and this Court may affirm a PCRA court's order on any legal basis. As to factual questions, our scope of review is limited to the findings of the PCRA court and

---

[1] In his 1925(b) statement, Appellant again represented that he had informed plea counsel that he suffered from schizophrenia and was on medication for it, but counsel never sought a mental health investigation. He attached to the statement a 2012 chemical dependency evaluation which stated, *inter alia*, that Appellant acknowledged his diagnosis of schizophrenia, that he took prescription medication to treat it, and that he received monthly Supplemental Security Income benefits for it. *See* Pa.R.A.P. 1925(b) Statement, 6/2/23, at Exhibit B.

the evidence of record, viewed in the light most favorable to the prevailing party in the lower court. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Id*. (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is well-settled "that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief." *Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa.Super. 2022). Any PCRA petition must be filed within one year of the date that the underlying judgment of sentence became final unless the petitioner pleads and offers to prove an enumerated timeliness exception. *See* 42 Pa.C.S. § 9545(b)(1). Further, a petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, since Appellant did not file an appeal from his January 31, 2012 judgment of sentence, it became final for purposes of challenges to his underlying convictions on March 1, 2012.[2] Accordingly, his January 2022

_____

[2] Appellant's subsequent probation revocation and resentencing in this case started a new clock for PCRA claims related to the revocation proceeding and the new sentence. However, regarding challenges to his underlying convictions, "the revocation of Appellant's probation did not 'reset the clock' for PCRA purposes." *Commonwealth v. Garcia*, 23 A.3d 1059, 1062 n.3 (Pa.Super. 2011).

PCRA petition is facially untimely. In an attempt to obtain substantive review of his petition, Appellant invoked the PCRA's newly-discovered-facts exception. *See* 42 Pa.C.S. § 9545(b)(1)(ii) (providing an exception where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). As we have summarized:

> A petitioner satisfies the newly discovered facts exception when the petitioner pleads and proves that (1) the facts upon which the claim is predicated were unknown and (2) could not have been ascertained by the exercise of due diligence. Due diligence requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief, but does not require perfect vigilance or punctilious care.

*Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa.Super. 2018) (cleaned up). "[T]he due diligence inquiry is fact-sensitive and dependent upon the circumstances presented. A petitioner must explain why he could not have obtained the new facts earlier with the exercise of due diligence." *Commonwealth v. Brensinger*, 218 A.3d 440, 449 (Pa.Super. 2019) (*en banc*).

Here, the documents proffered by Appellant established that he was aware of his schizophrenia diagnosis at least since 2013, and he underwent a mental health evaluation concerning his mental illness in 2017. Plainly, the fact of his illness was not newly discovered by Appellant in the year prior to the filing of his petition, and he does not assert that his condition prevented him from raising the claim earlier. As such "[a]ll the facts regarding

Appellant's mental state, if not known, surely were ascertainable by the exercise of due diligence before Appellant's [conviction]." ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 787 (Pa. 2000).

Further, neither Appellant's discovery that his plea counsel may have been ineffective in not seeking a mental health evaluation, nor his unearthing of judicial decisions from 2000 and 2010 leading him to that discovery, could be utilized as "newly-discovered facts" to satisfy the § 9545(b)(1)(ii) exception, even if Appellant filed his petition within one year of ascertaining them. ***See Commonwealth v. Mitchell***, 141 A.3d 1277, 1285 (Pa. 2016) ("[A] conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling Appellant to the benefit of the exception for newly-discovered facts." (cleaned up)); ***Commonwealth v. Kennedy***, 266 A.3d 1128, 1135 (Pa.Super. 2021) ("Our Supreme Court has consistently held that judicial opinions do not amount to new 'facts' under [§] 9545(b)(1)(ii) of the PCRA.").

In sum, Appellant failed to plead and offer to prove that the claim raised in his PCRA petition was premised upon newly-discovered facts that he could not have discovered earlier though the exercise of due diligence, and that he brought the claim within one year of the date it could have first been presented. Accordingly, the PCRA court properly dismissed his petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>3/26/2024</u>