J-S47022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAWSON REAMS | : | |
| | : | |
| Appellant | : | No. 1410 EDA 2024 |

Appeal from the PCRA Order Entered April 26, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001083-2010

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MARCH 11, 2025**

Dawson Reams appeals *pro se* from the order dismissing his untimely second petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history may be summarized as follows: On September 16, 2010, a jury convicted Reams of robbery, possessing an instrument of crime, and firearm violations. On January 14, 2011, the trial court imposed an aggregate sentence of fifteen to thirty years of imprisonment. Reams appealed. On February 29, 2012, this Court affirmed his judgment of sentence. ***See Commonwealth v. Reams***, 46 A.3d 831 (Pa. Super. 2012) (non-precedential decision). Reams did not seek further review.

Later in 2012, Reams filed a PCRA petition seeking reinstatement of his right to file an *allocatur* petition with the Pennsylvania Supreme Court, which

was granted. On September 25, 2012, our Supreme Court denied allowance of appeal. *See Commonwealth v. Reams*, 53 A.3d 757 (Pa. 2012).

On August 13, 2013, Reams filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel, who filed an amended petition. Thereafter, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss without a hearing. By order entered February 10, 2017, the PCRA court denied Reams' amended petition. Reams appealed. On May 14, 2018, this Court affirmed the order denying Reams post-conviction relief, and, on October 23, 2018, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Reams*, 192 A.3d 243 (Pa. Super. 2018), *appeal denied*, 196 A.3d 206 (Pa. 2018).

On October 2, 2023, Reams filed the PCRA petition at issue. Thereafter, the Commonwealth filed a motion to dismiss. On March 8, 2024, the PCRA court issued a Rule 907 notice of its intent to dismiss without a hearing because the petition was untimely filed and Reams failed to establish a timeliness exception. Reams filed a response. By order entered April 26, 2024, the PCRA court dismissed Reams' petition. This appeal followed. Both Reams and the PCRA court have complied with appellate rule 1925.

Reams raises three substantive issues on appeal. Before addressing their merits, we must first determine whether the PCRA court correctly determined that Reams' petition was untimely filed and that he established no timeliness exception.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Reams' judgment of sentence became final on December 24, 2012, ninety days after the time for filing a writ of *certiorari* to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Reams had until December 24, 2013, to file a timely PCRA petition. Because Reams filed the petition at issue over ten years later, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Reams has failed to plead and prove an exception to the PCRA's time bar. In his PCRA petition, Reams checked the box claiming he could meet the newly-discovered facts exception to the PCRA's time bar. 42 Pa.C.S.A. § 9545(b)(1)(ii).

This Court has explained the newly-discovered-fact exception to the PCRA's time bar as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Here, the PCRA court was unable to identify the newly-discovered fact asserted by Reams. The court then noted that each argument Reams made in the pages he attached to his PCRA petition failed to establish a timeliness exception. The court reasoned:

[Reams] states that he discovered "new evidence" but never actually identifies the evidence in his [PCRA] Petition or 907 Response. From [Reams'] filings, the Court gleans several potential timeliness arguments, none of which have merit, that [Reams] may be seeking to set forth.

First, [Reams] appears to argue that he recently became aware of amendments to the PCRA statute that were signed into law in in 2018, as well as the cases of *Commonwealth v. Burton*, [158 A.3d 618 (Pa. 2017) and *Commonwealth v. Small*[, 238 A.3d 1267 (Pa. 2020)]. However, discovery of the law does not satisfy the newly-discovered fact exception to the PCRA's time-bar. *See Commonwealth v. Kennedy*, 266 A.3d 1128, 1135 (Pa. Super. 2021) (decisional law and rules of procedure are not "facts" for the purposes of the newly-discovered fact exception); *see Commonwealth v. Pinero*, [241 A.3d 474, at *4 (Pa. Super. 2020) (non-precedential decision)] (finding no distinction between new decisional law and new statutory law for purposes of the newly-discovered fact exception).

Second, [Reams] raises several layered ineffectiveness claims arguing that all of his prior attorneys were ineffective for failing to raise claims that he received an illegal sentence, that trial counsel failed to raise a misidentification defense, and that trial counsel failed to raise a claim of actual innocence. It is well-established that ineffective assistance of counsel is not a "new fact" within the meaning of the newly-discovered facts exception to the PCRA's time-bar. *See Commonwealth v. Gamboa-Taylor*, 753 A.3d 780, 785 (Pa. 2000). Moreover, [Reams] would have been aware of trial counsel's alleged failure to raise a misidentification defense or a claim of actual innocence at the conclusion of his trial.

Furthermore, [Reams'] claim that he received an illegal sentence alone does not make his petition timely. *See Commonwealth v. Jackson*, 30 A.3d 516 521-23 (Pa. Super.

- 5 -

2011) (when a petition is facially untimely, a [petitioner] is required to prove a timeliness exception in order for an illegal sentencing claim to be reviewable on the merits).

PCRA Court Opinion, 7/30/24, at 7-8 (citations to record omitted). Thus, the PCRA concluded that Reams' petition was untimely and that the court lacked jurisdiction to address its merits. *Id.* at 8.

Our review of the record supports the PCRA court's conclusion. In his brief, Reams essentially repeats the arguments that the PCRA court correctly discussed and rejected. Even on appeal, Reams does not clearly identify what "new fact" he alleges would entitle him to post-conviction relief. Thus, because Reams' petition was untimely, both this Court and the PCRA court lacked jurisdiction to consider its merits. *Derrickson, supra*. We therefore affirm the PCRA court's order dismissing Reams' PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2025