J-S47012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN VELASQUEZ | : | |
| | : | |
| Appellant | : | No. 878 EDA 2024 |

Appeal from the PCRA Order Entered February 23, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0418641-1974

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED APRIL 21, 2025**

Benjamin Velasquez ("Velasquez") appeals *pro se* from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA") and seeking relief from his 1975 first-degree murder conviction.[1] We affirm.

This Court summarized the recent factual and procedural history leading to this most recent attempt at PCRA relief as follows:

> [O]n February 7, 1974, [Velasquez] and a[ previously] unidentified female accomplice gained entrance to two homes in Philadelphia by subterfuge.  At the second home, the owners Efrain and Francisca Irrazarry [("Mr. and Ms. Irrazarry," respectively)] were present.  After a brief conversation, the accomplice grabbed Ms. Irrazarry by the neck and put a knife to her throat.  [Velasquez] pointed a gun at Mr. Irrazarry, demanded money[,] and shot him in the side.  [Velasquez] repeatedly demanded money.  When the wounded Mr. Irrazarry did not respond quickly enough

_____

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

to satisfy [Velasquez], he put a gun behind . . . Mr. Irrazarry's ear and shot him execution style, causing [his] death. The criminals then tied up and bound the female victim and ransacked the home. The sum total of their booty was $30 and two wedding rings.

The foregoing events were described by M[s]. Irrazarry, who survived the break-in.

[Velasquez] was sentenced to life in prison for murder, and to two consecutive terms of ten to twenty years [of] imprisonment for burglary and robbery. On June 3, 1977, the Supreme Court of Pennsylvania affirmed the judgment of sentence. *See **Commonwealth v. Velasquez**,* 373 A.2d 455 (Pa. 1977). [Velasquez] did not file a petition for writ of *certiorari* in the Supreme Court of the United States.

In 1986, Deborah Chavis [("Chavis")], the unidentified accomplice to the break-in, turned herself into police and confessed her role in the crime. She provided statements to police in 1986 and 1987, wherein she described a struggle with Mr. Irrazarry during which he was accidentally shot. In those statements, Chavis indicated that she had the gun, suggesting that she was the shooter.

In 1988, [Velasquez], who was incarcerated, provided a statement to police wherein he confirmed that he had the gun when a struggle ensued with Mr. Irrazarry, and that the gun accidentally discharged into his stomach. [Velasquez] further stated that Chavis thereafter grabbed the gun, and that, when she did so, it discharged, hitting Mr. Irrazarry in the head. In 1989, Chavis testified at her guilty plea hearing that the gun was in [Velasquez]'s hand when it went off.

[Velasquez] sought collateral relief by petitions filed in 1977, 1983, 1993, 1996, 2008, and 2012, all of which were unsuccessful.[1] During the same time frame, [Velasquez] filed several petitions for writ of habeas corpus in federal court, which were also denied. On May 18, 2015, [Velasquez] filed [a] PCRA petition, his seventh.

[1] [Velasquez]'s petitions filed in 1977 and 1983 were filed pursuant to the then applicable Post Conviction Hearing Act ("PCHA"), which was the predecessor to the PCRA. Additionally, certain of [Velasquez]'s filings were not styled as PCRA petitions, but were treated as such by the PCRA court. *See* 42 Pa.C.S.[A.] § 9542 (providing that "[t]he

action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.").[2]

***Commonwealth v. Velasquez***, 2067 EDA 2017, 2019 WL 310406 (Pa. Super. filed Jan. 24, 2019) (unpublished memorandum, at 1-3) (internal brackets omitted), *appeal denied*, 80 EAL 2019 (Pa. filed May 22, 2019)(footnote in original)(footnote added). The PCRA court dismissed Velasquez's seventh petition as untimely. This Court affirmed, and our Supreme Court denied allowance of appeal.

In August 2023, Velasquez filed the instant PCRA petition, his eighth, which gives rise to this appeal. Therein, Velasquez asserted "structural errors and structural defects," as well as "*per se* ineffectiveness." PCRA Pet., 8/8/23, at 2a (italics added). Velasquez asserted "governmental interference" based on the trial court's failure to issue findings of fact and conclusions of law when denying a motion to suppress and an alleged alteration to the docket which, Velasquez suggested, falsely led him to believe the trial court had issued

_____

2 According to Velasquez, the following attorneys represented him: (1) Nino Tinari, Esq. at trial and in his direct appeal; (2) Joel Moldovsky, Esq. in his first PCHA petition and appeal; (3) William James, Esq. in a 1980 federal proceeding; (4) Eric Lillian, Esq., then Harvey Anderson, Esq. in his second PCRA petition, and then Sondra Rodrigues, Esq. in his appeal; (5) Robert Dixon, Esq. in his fourth PCRA petition; (6) Carol McHugh, Esq., who he retained for a 2015 review of the record and an investigation into Chavis's record; and (7) Barnaby Wittels, Esq., who filed his seventh PCRA petition in 2015. **See** Velasquez's Br. at v-x, 52. The record transmitted to this Court begins with filings in 1998 and confirms Barnaby Wittels, Esq.'s filing of Velasquez's seventh petition.

findings of facts and conclusions of law when denying his motion to suppress. *See id*., 8/8/23, at 3a-3d. Additionally, Velasquez attached an affidavit from a fellow inmate and paralegal, Elmer Davenport ("Davenport affidavit"). Davenport indicated: (1) he reviewed the record and interviewed Velasquez; (2) he discovered "multiple issues of error" requiring a new trial;[3] and (3) while those errors may have been contained in the record, they would be "new" to Velasquez due to Velasquez's non-existent educational background and lack of proficiency in reading English. *See* Davenport Aff., dated 1/16/23, unnumbered at 1-2. Velasquez claimed the Davenport affidavit contained "newly discovered facts" and overcame the timeliness requirements of the PCRA "with exceptional[ly] meritorious claims." Mem. of Law in Support of PCRA Relief, 8/8/23, at 5-6.[4]

The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Velasquez's petition informing Velasquez that his petition "fell woefully short of [his] obligation to explain how one of the three statutory [timeliness] exceptions applied." Rule 907 Notice, 11/17/23, at 2. Velasquez filed a response noting that a claim of *per se* ineffective assistance of counsel could

_____

[3] The Davenport affidavit generally referred to the *per se* ineffectiveness of prior counsel; the absence of crucial jury instructions; evidence of Chavis's confession and role in the murder; restoration of Velasquez's appeal rights *nunc pro tunc*, and "forged documents." Davenport Aff., dated 1/16/23, unnumbered at 1-2.

[4] Velasquez filed a supplemental PCRA petition asserting that his claims of prior counsel's *per se* ineffectiveness were also "new facts." *See* Supp. PCRA Pet., 8/24/23, at 1.

support the application of the newly discovered facts exception. ***See*** Resp. to Rule 907 Notice, 12/1/23, at 1. The PCRA court dismissed the petition, and this timely appeal followed. The PCRA court did not order a Pa.R.A.P. 1925(b) statement but filed an opinion in support of its decision.

Velasquez raises the following issues for our review:

A. Did the PCRA court err when it concluded that Appellant had failed to prove one of the three exceptions to the PCRA time-bar where the [Davenport a]ffidavit had clearly established the newly-discovered fact exception of first PCHA counsel's *per se* ineffectiveness?

B. Did the PCRA court err when it failed to consider [Velasquez's] supplement to the PCRA petition?

C. Did the PCRA court err when it failed to conduct an evidentiary hearing pursuant to Pa.R.Crim.P. 908(A)(2)?

D. Did the PCRA court err when it failed to consider *per se* prejudice and *per se* ineffectiveness of trial counsel?

> 1. Did the PCRA court err when it failed to consider the complete removal of [Chavis] from the jur[y's] deliberation on a reasonable doubt instruction?
>
> 2. Did the PCRA court err when it failed to consider that the court did not have subject matter jurisdiction for the crime of burglary?
>
> 3. Did the PCRA court err when it failed to consider *per se* ineffectiveness of trial counsel for making the trial another suppression hearing?
>
> 4. Did the PCRA court err when it failed to consider *per se* ineffectiveness of trial counsel's stipulations that denied due process?
>
> 5. Did the PCRA court err when it failed to consider the layered claims of ineffectiveness?

Velasquez's Br. at iv.

- 5 -

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." ***Id***. at 145 (internal citation omitted).

In his first two issues, Velasquez asserts the PCRA court erred when concluding his eighth petition did not allege a statutory time-bar exception.

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010); ***see also Commonwealth v. Woolstrum***, 271 A.3d 512, 513 (Pa. Super. 2022) (providing that "[i]f a PCRA petition is

- 6 -

untimely, courts lack jurisdiction over the petition") (internal citations omitted). Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii), and he filed his PCRA petition invoking a timeliness exception within one year of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

To establish the governmental interference exception, pursuant to section 9545(b)(1)(i), a petitioner must plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. *See Commonwealth v. Kennedy*, 266 A.3d 1128, 1135 (Pa. Super. 2021). Section 9545(b)(1)(ii) also provides an exception to the jurisdictional time-bar if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). Due diligence "demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Medina*, 92 A.3d 1210, 1216 (Pa. Super. 2014) (internal quotations and citations omitted).

Velasquez argues the Davenport affidavit established genuine issues of material facts that his prior counsel were *per se* ineffective, there were structural errors at trial, the government interfered with his right to a direct

appeal, and he was unable to understand the proceedings due to his difficulties with the English language. **See** Velasquez's Br. at 1. Velasquez insists the Davenport affidavit establishes how he has been stuck in a "web of waiver" that prevented him from litigating his merits claims in a proper direct appeal or a first PCHA proceeding. **Id**. at 1-2. He claims "[p]er se ineffectiveness is new law and now part of the newly-discovered fact exception." **Id**. at 3 (italics added). He further contends the PCRA court ignored his allegations that governmental officials interfered with his ability to raise claims previously and altered the docket and did not consider his supplemental petition. **See id**. at 2, 5-8.

The PCRA court explained it dismissed Velasquez's petition as untimely for the following reasons:

> While [Velasquez] reference[d] allegations of "newly discovered facts" and "governmental interference[,"] these issues are not properly invoked in the context of the PCRA which would grant th[e PCRA c]ourt jurisdiction. Specifically, [Velasquez] refers to his prior counsel's "ineffectiveness *per se*" as a newly discovered fact, without any evidence to support this claim.
>
> Further, with respect to [Velasquez]'s claims regarding the confession of . . . Chavis, his co-conspirator, who stated that the murder for which [Velasquez was] convicted was accidental, this matter was fully addressed in [Velasquez]'s prior PCRA petition, which the Pennsylvania Superior Court reviewed and found that this claim was a new source for a previously known fact, rather than a newly discovered fact, and further, that the claim had been previously litigated. This current petition is merely a reiteration of the prior issues, and [Velasquez] has not raised any additional factual allegations or evidence pertaining thereto.
>
> [Velasquez]'s submission of [the Davenport affidavit] . . . is simply the opinion of a fellow inmate that [Velasquez]'s lack of proficiency in English, his prior counsel's alleged ineffectiveness,

- 8 -

the "absence of crucial jury instructions[,"] evidence regarding [Velasquez]'s co-conspirator's guilt, "forged documents[,"] and "*nunc pro tunc* appeal rights" provide a basis for the current petition. However, this information does not constitute either newly discovered facts, nor demonstrate evidence of governmental interference, and therefore, similarly fails to meet [Velasquez]'s burden of proof to overcome the time[-]bar required to provide this Court with jurisdiction to review his claims.

PCRA Ct. Op., 3/15/24, unnumbered at 1-2 (italics added).

Following our review, we agree with the PCRA court that Velasquez's instant eighth PCRA petition was untimely[5] and did not state a PCRA time-bar exception. The record, and Velasquez's own arguments on appeal, make clear that he does not rely on previously unknown facts that could not have been discovered with the exercise of due diligence. Velasquez instead uses new legal theories and terminology, set forth in the Davenport affidavit, to recast previous allegations of trial errors, defects in the record, and the ineffective assistance of counsel. Similarly, Velasquez's claims of governmental interference assert matters contained in the record since his conviction, and he cannot now assert the government impeded him from raising his claims earlier.[6] Such attempts to avoid the PCRA's timeliness requirements merit no

---

[5] Velasquez does not, and cannot, assert that this eighth PCRA petition, which sought relief from a conviction that became final in 1977, was facially timely. *See Velasquez*, 2067 EDA 2017 (unpublished memorandum, at 4) (noting Velasquez's judgment of sentence became final on September 1, 1977, and Velasquez did not qualify for the one-year tolling provision contained in the 1995 amendments to the PCRA because he filed an initial PCHA petition, which was denied in 1980).

[6] Velasquez, for example, has asserted that governmental officials, namely, the trial court, interfered with his ability to raise a suppression claim in his

*(Footnote Continued Next Page)*

relief. **See Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011) (noting that "[a] 'fact,' as distinguished from the 'law,' . . . [is that which] is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law") (internal citation omitted); **Commonwealth v. Kennedy**, 266 A.3d 1128, 1135 (Pa. Super. 2021). Additionally, Velasquez's assertions of a lack of English language proficiency are not new facts and do not alleviate him from pleading and proving a PCRA time-bar exception. **Cf**. **Watts**, 23 A.3d at 986 (noting that the petitioner had ample time to raise a claim in a timely fashion but, notwithstanding the petitioner's illiteracy, inexplicably failed to do so). Lastly, the mere invocations of the terms "structural error" and the "*per se* ineffectiveness" of prior counsel, as set forth in Velasquez's petition and response to the PCRA court's Rule 907 notice, do not automatically establish an exception to the PCRA timeliness requirements, **see id**.,[7] and to the extent Velasquez complains he was caught in a web of

---

direct appeal because the court failed to issue findings of fact and conclusions of law when denying his motion to suppress. **See** Velasquez's Br. at 5; PCRA Pet., 8/8/23, at 3a. He added that there is a handwritten docket entry which allegedly concealed this omission. **See** Velasquez's Br. at 8; PCRA Pet., 8/8/23, at 3c-3d. However, Velasquez raised a claim based on the trial court's failure to issue findings of fact and conclusions of law in his fifth PCRA petition filed in 2012. **See** PCRA Pet., Mem. of Law, 6/1/24, at 5. Therefore, Velasquez cannot now claim the trial court's alleged omission was a previously unknown fact, nor can he assert the docket entry prevented him from raising this matter earlier, when he did so more than a decade earlier.

[7] **See also Commonwealth v. Tedford**, 228 A.3d 891, 906 (Pa. 2020) (noting that a claim of *per se* ineffectiveness requires counsel's omission jurisdictionally foreclose all claims); **Commonwealth v. Bennett**, 930 A.2d
*(Footnote Continued Next Page)*

waiver since the affirmance of his conviction in 1977, it is clear that he seeks an equitable exception to the PCRA time requirements, which this Court cannot create. *See Kennedy*, 266 A.3d at 1135 & n.11.

Thus, we discern the PCRA court's decision to deny Velasquez's eighth PCRA petition as untimely was supported by the record and proper under the law. Because Velasquez has failed to demonstrate a time-bar exception, this Court, like the PCRA court, has no jurisdiction to consider the merits of his underlying claims error or prior counsels' ineffective assistance. *See id*.[8]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/21/2025

---

1264, 1274 (Pa. 2007) (noting that although a claim of abandonment by counsel may constitute a new fact, a petitioner must still bring his claim within the ambit of subsection (b)(1)(ii) by proving that the fact were unknown to him and that he could not uncover them with the exercise of due diligence).

[8] For these reasons, we will not consider the remaining arguments in Velasquez's brief.