J-S41040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| SHAWN TOMLIN | : | |
| Appellant | : | No. 1139 EDA 2024 |

Appeal from the PCRA Order Entered March 26, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0608751-1998

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED AUGUST 19, 2025**

Shawn Tomlin ("Tomlin") appeals *pro se* from the order dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

This Court previously summarized the factual and procedural history of Tomlin's convictions as follows:

> On December 4, 1997, the victim, Courtney Gibson [("the victim")], and his cousin, Charles Stover [("Stover")], were at Gibson's residence playing outside with their dog. The victim and Stover both dealt narcotics together in their neighborhood in Philadelphia. As the men were taking the dogs in for the evening, Tomlin and his brother Tyrone Tomlin, Jr., (["]Tyrone["]) approached them. Tomlin and [Tyrone] began to argue and shout at the victim and Stover over a drug-dealing dispute. During the argument, Tyrone pulled a gun from his pocket. The victim struggled with Tyrone in an effort to retrieve the gun. During the struggle, Tyrone was shot twice. While Tyrone lay writhing in pain on the ground, [Tomlin] fired multiple shots at the victim. After

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

the victim fell on the ground, Stover ran upstairs into the victim's house and looked out a second story window at the scene.

Stover observed [Tomlin] and another accomplice, John Maddox (["]Maddox["]), fire several more shots at the victim. Stover witnessed another of the victim's cohorts, known as "Slink," fire at [Tomlin] and Maddox and then run away. Thereafter, [Tomlin], Maddox and an unidentified driver left the scene to take Tyrone to Temple University Hospital. Stover then fled the scene to his aunt's home.

\* \* \* \*

On February 16, 2000, following a nine-day trial, [at which Stover testified against Tomlin,] a jury convicted Tomlin of third-degree murder, carrying a firearm without a license, possession of instruments of crime, and criminal conspiracy. On April 26, 2000, the trial court sentenced Tomlin to serve an aggregate prison term of 26 to 52 years. Initially, Tomlin did not file a direct appeal. However, his appellate rights were reinstated and on October 28, 2002, a panel of this Court affirmed Tomlin's judgment of sentence.[2]

*Commonwealth v. Tomlin*, 1357 EDA 2005 (Pa. Super. Nov. 30, 2007) (unpublished mem. at 1-2).

Tomlin filed his first PCRA petition in 2004. After appointed counsel filed an amended petition, the PCRA court denied relief, and this Court affirmed. *See id*. Tomlin filed a second PCRA petition in 2012. The PCRA court dismissed that petition, and this Court affirmed. *See Commonwealth v. Tomlin*, 2863 EDA 2014 (Pa. Super. Aug. 19, 2015) (j. order at 1).

In December 2022, Tomlin filed the instant third PCRA petition asserting he recently discovered new information that Stover received favorable

_____

[2] Tomlin did not file a petition for allowance of appeal from this Court's decision affirming his judgment of sentence.

- 2 -

treatment in other criminal matters after testifying at Tomlin's trial. **See** PCRA Pet., 12/30/22, at 4. Tomlin asserted that Stover had been on probation for two drug cases ("drug cases") and was facing new gun charges ("gun charges") when he testified at trial, and that, during closing arguments, the prosecutor stated Stover testified against Tomlin despite the fact that Stover was labelled a snitch and was going back to jail for the gun charges or the drug cases. **See id**. at 7-8.[3] Tomlin continued that he recently discovered Stover received an aggregate of four years of probation for the gun charges and suffered no consequences for violating probation in the drug cases. **See id**. at 8.[4]

Tomlin claimed his discovery of the lenient treatment Stover received established the governmental interference and new facts exceptions to the PCRA timeliness requirements because: (1) the prosecutor failed to disclose that the Commonwealth had entered into a plea agreement with Stover on the gun charges and the possible probation violations in the drug cases; (2) the prosecutor failed to inform the jury that the Commonwealth controlled whether to pursue violations of Stover's probation in the drug cases; (3) the

_____

[3] We note Tomlin appears to quote portions of a trial transcript. However, Tomlin has not ensured the record transmitted to this Court included copies of the trial transcript. Therefore, we are unable to verify the accuracy of Tomlin's quotations of the trial transcript. However, neither the PCRA court nor the Commonwealth challenged the accuracy of Tomlin's quotations.

[4] Tomlin attached to his petition an affidavit from his daughter that, in March 2022, she forwarded to him legal documents, which included summaries and quarter sessions notes in Stover's cases.

Commonwealth did not pursue violations of probation in Stover's drug cases; and (4) contrary to the prosecutor's closing argument, Stover did not go back to jail after testifying against Tomlin. **See id**. at 10-14 (asserting the prosecutor violated his duties to disclose information favorable to the defense pursuant to **Brady v. Maryland**, 373 U.S. 83 (1963)); **see also** 42 Pa.C.S.A. § 9545(b)(1)(i)-(ii). Moreover, Tomlin noted he filed his PCRA petition within one year of receiving the information about Stover, and he further claimed he had no basis to believe Stover would have avoided jail after testifying against Tomlin because the prosecutor at Tomlin's trial stated Stover would go to prison. **See** PCRA Pet., 12/30/22, at 4-5 (citing, *inter alia*, **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2019) (eliminating the "public record presumption" formerly used to impute knowledge to petitioners of facts of public record)).

The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Tomlin's petition as untimely. Tomlin did not respond to the Rule 907 notice, and the PCRA court dismissed the petition. Tomlin timely appealed. The PCRA court did not order a Pa.R.A.P. 1925(b) statement but provided a separate opinion.

Tomlin raises the following issues for our review:

I. Did the PCRA court's timeliness determination violate the plain statutory language of the PCRA insofar as the petition was filed within the one-year of the date the claim could . . . have been presented?

II. Did the PCRA court err in its determination that the petition did not satisfy the after-discovered fact exception?

Tomlin's Brief at 4.

Our standard of review of an order dismissing a PCRA petition is as follow:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). On appeal, the PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." **Commonwealth v. Wholaver**, 177 A.3d 136, 144-45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." **Id**. at 145 (internal citation omitted).

In both of his issues, Tomlin contends the PCRA court improperly dismissed his instant third petition as untimely.

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii), and he filed his PCRA petition invoking a timeliness exception within one year of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). The relevant exceptions in this appeal include the governmental interference exception under section 9545(b)(1)(i) and the new facts exception under section 9545(b)(1)(ii), which provide:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence . . ..

42 Pa.C.S.A. § 9545(b)(1)(i)-(ii).

To establish the governmental interference exception, pursuant to section 9545(b)(1)(i), a petitioner must plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. *See Commonwealth v. Kennedy*, 266 A.3d 1128, 1135 (Pa. Super. 2021). Section 9545(b)(1)(ii) also provides an

exception to the jurisdictional time-bar if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). Due diligence "demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Medina**, 92 A.3d 1210, 1216 (Pa. Super. 2014) (internal quotations and citations omitted). Any PCRA petition invoking an exception under section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); **Kennedy**, 266 A.3d at 1133 n.9.

In the present case, Tomlin does not dispute that the instant third PCRA petition was facially untimely.[5] Nevertheless, Tomlin contends the PCRA court erred in dismissing his petition because he recently discovered Stover received favorable treatment in other criminal matters and filed the instant third petition within one year of receiving that information. **See** Tomlin's Brief at 8-9. Tomlin emphasizes the Commonwealth argued at trial that Stover would be going to jail for his other criminal matters, but did not inform the jury that the Commonwealth had discretion to seek revocations of Stover's probation.

_____

[5] As noted above, this Court affirmed Tomlin's conviction in October 2002, and Tomlin did not seek allowance of appeal. Therefore, Tomlin's conviction became final in November 2002, and he had until November 2003 to file a facially timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1), (3); **see also** Pa.R.A.P. 1113(a). Accordingly, the instant third petition, which Tomlin filed in December 2022, was facially untimely.

*See id*. at 13.  Tomlin notes he only later discovered Stover did not go to jail, having only received a probationary sentence for his gun charges and suffering no related consequences for the violation of his probation on the drug charges. *See id*. at 10-13.  Tomlin claims that none of the PCRA's timeliness requirements required him to prove the existence of a plea agreement between the Commonwealth and Stover.  *See id*. at 12-13.

The PCRA court determined that Tomlin failed to establish the governmental interference or new facts exceptions because he did not substantiate the existence of an agreement between the Commonwealth and Stover.  *See* PCRA Ct. Op., 3/26/24, unnumbered at 2-3.  The court explained that "nothing in the record or the evidence shared by [Tomlin] indicates such a deal [for leniency] even existed, let alone that the prosecution was aware of the existence of such a deal and withheld this information from the defense." *Id*. at 3-4.

Following our review, we conclude the PCRA court properly determined Tomlin did not establish the governmental interference exception to the PCRA timeliness requirements.  Tomlin speculates that there must have been an agreement between the Commonwealth and Stover at trial because Stover later received lenient treatment.  However, speculation alone is insufficient to establish the existence of an agreement and that the prosecutor failed to disclose such an agreement at Tomlin's trial.  *See Commonwealth v. Dickerson*, 900 A.2d 407, 411 (Pa. Super. 2006) (holding that a speculative claim regarding the existence of favorable information did not state a time bar

exception for governmental interference); *cf*. ***Commonwealth v. Champney***, 832 A.2d 403, 412 (Pa. 2003) (noting that a "mere assumption" is insufficient to establish that an agreement existed).[6]  Thus, we affirm the PCRA court's conclusion that Tomlin did not establish a timeliness exception under section 9545(b)(1)(i) for governmental interference.

With respect to the new facts exception, Tomlin's petition pleaded a fact that was previously unknown to him and upon which he attempts to predicate claims for PCRA relief.  *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).[7]  However, while Tomlin asserted that he had no reason to disbelieve the prosecutor's closing

---

[6] Tomlin cites ***Commonwealth v. Strong***, 761 A.2d 1167 (Pa. 2000), for the proposition that he was not required to adduce proof of an actual agreement between the Commonwealth and Stover for favorable treatment.  ***Strong***, 761 A.2d at 1171 (noting that "***Brady*** does not require a signed contract between the prosecution and its witnesses").  However, while ***Strong*** stands for the proposition that a PCRA petitioner need not present evidence of "an ironclad agreement" between the Commonwealth and a witness to trigger a ***Brady*** claim, ***Strong*** did not consider the viability of a ***Brady*** claim under the governmental interference exception to the PCRA's timeliness requirements. Additionally, the evidence in ***Strong*** included the witness's testimony that he testified against the petitioner pursuant to a deal with the Commonwealth, as well as circumstantial evidence establishing the existence of an understanding between the Commonwealth and the witness.  *See id*. at 1172, 1174. ***Strong***, therefore, does not support Tomlin's belief that he can establish a governmental interference exception based solely on speculation regarding some "implication, promise or understanding that the government would extend leniency in exchange for a witness'[s] testimony is relevant to the witness's credibility."  ***Strong***, 761 A.2d at 1171 (internal citation omitted).

[7] We note that Tomlin cites no relevant authority requiring the Commonwealth to remind the jury that the Commonwealth may decide when to seek a violation of probation matter.  Moreover, regardless of the actual outcome in Stover's other criminal cases, Tomlin could have raised such an issue at trial, in his direct appeal *nunc pro tunc*, or in his two previous PCRA petitions.

argument that Stover would be serving jail time, Tomlin only averred that he filed the instant petition within one year of March 2022, when he received the information about the outcomes in Stover's pending cases. Tomlin did not outline any additional steps he took in acquiring this information despite having taken a direct appeal *nunc pro tunc* and filing two previous PCRA petitions. Although a court cannot dismiss a PCRA petition based on a presumption that a petitioner was aware of information in public records, that principle does not excuse Tomlin from his burden of taking reasonable steps to protect his own interests and explain why he could not have learned the new fact earlier with the exercise of due diligence. *See Commonwealth v. Myers*, 303 A.3d 118, 123 (Pa. Super. 2023). Absent any pleading concerning Tomlin's efforts to undertake even a minimal investigation of Stover, whom Tomlin described as the Commonwealth's chief witness at trial, we cannot conclude the PCRA court erred in dismissing Tomlin's petition at untimely.[8]

Order affirmed.

_____

[8] Moreover, even assuming Tomlin had adequately pleaded diligence, the claims predicated on the previously unknown fact that Stover received lenient treatment would not merit relief. As stated above, any contention that the Commonwealth entered into an agreement with Stover for testimony against Tomlin is too speculative. *See Champney*, 832 A.2d at 412. Similarly, any contention that the prosecutor at Tomlin's trial was aware that Stover would not receive jail time, but argued otherwise to the jury, is too speculative. Thus, no relief would be due on the merits of Tomlin's claims.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>8/19/2025</u>